## COOPER *v.* THE STATE.

1. There being a statute authorizing the board of commissioners of roads and
   revenues of a named county to appoint a clerk and to impose upon him
   the performance of such duties as it may require at his hands, and further
   authorizing it to confer upon him such other powers as are incident to

the duties of his office, such clerk was a lawful county officer, and as such could, at least in some instances, lawfully receive money belonging to the county.

2. As against a general demurrer, a count in an indictment against such clerk sufficiently set forth the offense of embezzlement, when such count in substance alleged that the accused being employed as the clerk of such board, "said position being a station and office of said county," did by virtue of his said employment receive and take into his possession a stated amount of money for and in the name of such commissioners and "in the name and on account of the said county," and that the accused the money so received did embezzle, steal, secrete, and fraudulently carry away.

3. Without regard to other counts contained in the indictment now under review, that dealt with in the preceding note and as to which the demurrer of the accused was general only, was sufficient in law to support a conviction of the crime of embezzlement.

Argued July 5, — Decided July 14, 1897.

Indictment for embezzlement. Before Judge Candler. Fulton superior court. March term, 1897.

*B. H. Hill* and *J. T. Glenn*, for plaintiff in error.
*C. D. Hill, solicitor-general,* contra.

Cobb, J. Cooper was indicted for the offense of embezzlement, and his demurrers to the indictment being overruled, he excepted.

1. The statute creating the board of commissioners of roads and revenues for Fulton county authorizing it to appoint a clerk and confer upon him such powers as are incident to the duties of his office, the clerk so appointed became a lawful county officer, and in all cases where the commissioners themselves might lawfully receive public money, they could delegate such power to their clerk. Acts 1880, pp. 508–9, 546.

2. One of the counts in the indictment was as follows: "And the jurors . . accuse said John Tyler Cooper with the offense of embezzlement; for that the said John Tyler Cooper, . . being then and there employed as a clerk to the commissioners of roads and revenues of the county of Fulton, said position of clerk being a station and office of said county of Fulton, did by virtue of his said employment, then and there and whilst he was so employed as aforesaid, receive and take into his possession certain money to a large amount, . . . for and in the name of and on the account of the said

commissioners of roads and revenues of the county of Fulton, and in the name of and on the account of the said county of Fulton, the said money then and there fraudulently and feloniously did embezzle, steal, secrete, fraudulently take and carry away, contrary to the laws of said State." As against a general demurrer, this count sufficiently set forth the offense of embezzlement as it is defined in section 187 of the Penal Code.

3. There were numerous counts in the indictment, and demurrers, both general and special, to some of them; but as the record before us shows a general verdict of guilty, and the only questions made by the record are as to the sufficiency of the indictment, the ruling that one of the counts is good, and that the demurrer thereto was properly overruled, renders it unnecessary to consider the questions arising on the demurrers to the other counts. The presumption is that the jury returned their verdict on the count that is good, and that there was sufficient evidence to authorize them to make such a finding.

*Judgment affirmed. All the Justices concurring.*