## PREY *et al v.* OEMLER.

120  223
120  1049

1. The petition was not subject to any of the objections raised in the demurrer, which were insisted on in this court.
2. An assignment of error, that an act of the General Assembly "is too vague and indefinite to be enforced, and also is contrary to natural law and violative of natural rights to fish in the sea and arms thereof," is itself too vague and indefinite to raise any question for decision.
3. The charge was full and fair. The extracts therefrom upon which error was assigned, even if erroneous at all, were not so for any reason assigned. The requests to charge were, so far as legal and pertinent, covered by the general charge. The evidence authorized the verdict, and no reason has been shown for reversing the judgment.

Submitted April 11, — Decided May 12, 1904.

Equitable petition. Before Judge Barrow. Chatham superior court. November 16, 1903.

*G. W. Beckett* and *N. J. Norman,* for plaintiffs in error.
*Osborne & Lawrence,* contra.

COBB, J. This was an action by Oemler to restrain Prey and others from committing a trespass. The defendants filed a demurrer, which was overruled, and at the final hearing the jury found that the plaintiff was entitled to a permanent injunction. The defendants bring their case here, assigning error upon the judgment overruling the demurrer, and upon the refusal of the judge to grant them a new trial

1. The original demurrer contained eight grounds. The bill of exceptions pendente lite mentions only six of these grounds, and counsel for the plaintiffs in error in their brief insist upon only five of the grounds. The grounds thus insisted upon simply raise the question as to whether the allegations of the petition were of such a nature as to show that the plaintiff had such an interest in the land upon which the trespass was alleged to have been committed as to authorize him to bring an action to restrain a trespass about to be committed thereon. In other words, the contention of the defendants, so far as these grounds of the demurrer are concerned, is that the acts which it is claimed would be acts of trespass upon private property of the plaintiff were simply acts which they had a right to do as members of the public, the locus in quo not being the private property of the plaintiff, but being a public water in which the defendants had a public right of fish-

ery. We do not think the demurrer was well taken. The plain-. tiff alleged that George Parsons was the owner of Warsaw Island, that this island embraced Rhodes or Sandy Bottom creek, which was not a navigable stream, and that the defendants had combined 'to take oysters from such stream without warrant or authority from the plaintiff, who held the right to take oysters in such stream under a lease from Parsons, the owner. It will thus be seen that the petition alleges that the trespass was about to be committed in a stream which was not navigable, and under the law the owner of the adjacent land·was the owner of the land under the stream, and if the allegations of the petition, that Parsons was the owner of the adjacent land on both sides of the stream and Oemler was the lessee under him for a term of years, were true, then Oemler had certainly a right to apply to a court of equity to restrain a trespass as the owner of the land covered by the stream, and would be entitled to an injunction, if the other allegations of the petition were sufficient to authorize this character of relief. The other objections raised by the demurrer are not insisted on, and we have little difficulty in holding that the petition was not subject to the objections which are insisted on.

2. The court in charging the jury followed the provisions of the act of 1902 (Acts 1902, p. 108), as to what was a navigable stream, and the assignment of error upon these charges is that the act "is too vague and indefinite to be enforced, and also is contrary to natural law and violative of natural rights to fish in the sea and arms thereof." This assignment of error is too vague and indefinite to raise any question for decision. One ground alleges that the verdict and decree " is violative of the vested constitutional rights of the defendants" to the use and enjoyment of the property in dispute under leases from the State. This assignment of error is also too general to raise any question. Even if the other grounds of the motion which seek to raise constitutional questions are sufficient for this purpose, they are not insisted on in the brief of counsel, and will be treated as having been abandoned. We do not intend anything now said to be construed as holding that the act of 1902 is constitutional, or that it is unconstitutional, for any reason. We simply decline to pass on any constitutional question on the present record.

3. The motion for a new trial and its amendments contain numer-

ous grounds; but after a careful examination of the entire record, we have reached the conclusion that there was no error of law which required the granting of a new trial. The charge of the judge submitted the issues to the jury, clearly, fully, and fairly; and no portions of the charge upon which error was assigned appear to be erroneous at all, and certainly they are not for any reason which was assigned in the motion. The requests to charge were, so far as legal and pertinent, covered by the general charge. The evidence was conflicting on some of the vital issues, but there was evidence authorizing the verdict, and the judgment refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*