## NEWKIRK *v.* SOUTHERN RAILWAY COMPANY.

1. An averment in a pleading, or an assignment of error in a petition for certiorari, that a named statute "is unconstitutional and void," is too vague and indefinite to raise any question for determination.
2. A defective assignment of error in a petition for certiorari can not be cured by averments in a bill of exceptions assigning error upon the refusal of the judge of the superior court to sanction the certiorari.    •

Submitted July 14, — Decided August 12, 1904.

Petition for certiorari.    Before Judge Parker.    Glynn superior court.    November 2, 1903.

*Frank H. Harris* and *Woodford Mabry,* for plaintiff.
*Kay, Bennet & Conyers,* for defendant.

COBB, J.    Process of garnishment was issued, returnable to a justice's court.    The garnishee answered that it was indebted to the defendant in a given amount, but that the same was due

him as daily, weekly, or monthly wages as a laborer, and was therefore not subject to the process of garnishment under the laws of this State. The plaintiff moved to enter a judgment against the garnishee for the amount specified in its answer, notwithstanding the exemption claimed, "because the statute of Georgia seeking to exempt from process of garnishment the daily, weekly, or monthly wages of a laborer is unconstitutional and void." The court overruled the motion, and entered a judgment discharging the garnishee. The plaintiff sued out a petition for certiorari, assigning error upon this judgment; the assignment of error with reference to the constitutionality of the statute exempting from garnishment the wages of a laborer being in the exact language of the motion made in the justice's court which is above set out. The judge refused to sanction the certiorari, and the plaintiff assigns error upon this judgment. In the bill of exceptions it is recited that this judgment is erroneous because the legislative act referred to is in conflict with specified provisions of the constitution of this State and of the United States. It was not set forth in the motion made in the justice's court, nor does it appear otherwise from the petition for certiorari, upon what ground it was claimed in the justice's court that the act in question was unconstitutional. Nor was any reason assigned in the petition why the act was unconstitutional. Consequently no question was raised for decision by the superior court, and none is presented for determination by this court. A mere general objection that a given statute is unconstitutional, without stating what particular provision of the constitution it contravenes, raises no question for decision. See *Lafitte* v. *Burke*, 113 *Ga.* 1000.; *Brown* v. *State*, 114 *Ga.* 60, and cit.; *Prey* v. *Oemler*, 120 *Ga.* 223. Nor can a general assignment of error of this character be cured by averments in a bill of exceptions complaining of the judgment pointing out the particular provision of the constitution which the law is claimed to contravene. *S., F. & W. Ry. Co.* v. *Hardin*, 110 *Ga.* 432. There was no error in refusing to sanction the certiorari.

*Judgment affirmed. All the Justices concur.*