## MOORE *v.* HOUSTON COUNTY.

A general allegation in a petition, that an act of the legislature is unconstitutional, without in any way specifying the particular provisions of the constitution with which it is claimed to conflict, is too vague and indefinite to raise any question for determination.

Argued November 18, 1905.—Decided February 19, 1906.

Complaint. Before Judge Felton. Houston superior court. April 10, 1905.

*R. N. Holtzclaw,* for plaintiff.

*A. C. Riley, H. A. Mathews,* and *C. E. Brunson,* for defendant.

BECK, J. This is an action by a former treasurer of Houston county to recover a balance of about nine hundred dollars, alleged to be due him by the county in payment of his legal commissions on sums received and disbursed by him in the discharge of his official duties. It is admitted in the petition that the plaintiff had received four hundred dollars per annum during his tenure of office, which amount was paid him under and by virtue of the act approved March 2, 1875 (Acts 1875, p. 286) ; but he insists that the act is unconstitutional and void, and that he is entitled to the regular commissions allowed to county treasurers by the Political Code, §472. The court sustained the defendant's demurrer upon the ground that the petitioner's compensation was fixed by said act; and the plaintiff excepted. In his petition the plaintiff avers in general terms that the act was and is unconstitutional and void. The demurrer of the defendant merely stated that the petitioner was not due the amount sued for, because the act fixed his compensation. In the bill of exceptions the plaintiff alleges that "said demurrer should have been overruled and denied on each and every ground thereof." The plaintiff in his petition undertook to, and did, set out the act of the legislature limiting and fixing the compensation of the county treasurer of Houston county; and all of the plaintiff's claims against said county had been fully paid and satisfied according to the terms of that act, and his right to a recovery in this case was precluded by the terms thereof if this act was valid. This the plaintiff realized, and to avoid the force of the act he alleged that "said local act was and is unconstitutional and void." Such a general objection to an act of the legislature, however, raises no question for decision. No attempt was

made in the petition, or in the bill of exceptions, to point out the particular provision of the constitution contravened by the act in question; and under numerous decisions of this court, such an averment as to the unconstitutionality of a statute is too vague and indefinite to raise any question for determination. *Newkirk* v. *Southern Ry. Co.*, 120 *Ga.* 1048, and numerous cases there cited.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

---

## PRICE *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

FISH, C. J. 1. This court has held in this case: "It is reasonably to be expected of a railway employee, who is engaged in the performance of duties in and around one of the freight yards of his master, that he shall avail himself of his opportunities to familiarize himself with his surroundings and note the location of a culvert passing under an embankment along which tracks are laid, to the end that he may guard against the obvious danger of falling into the culvert in the event his duties call him in the night-time to the point where it is situated; and if he be injured by falling into the same, he can not be heard to say that though he knew of its existence, and notwithstanding he had previously had full opportunity to acquaint himself with its relative location, he did not in point of fact know exactly where it was, and that his master should have warned him of the danger of falling into it before sending him at night to attend to his duties on and around an engine which had been left directly over the culvert." 121 *Ga.* 651. The evidence on the trial now under review was the same as that on the former trial, to which the above ruling was applied. Accordingly, the plaintiff below was not entitled to recover, and the court did not err in directing a verdict for the defendant company. There was no conflict in the evidence as to the facts of the case to which the above-quoted ruling was applied.

2. Section 5331 of the Civil Code, authorizing the court to direct the jury to find a verdict for the party entitled thereto, where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demands a particular verdict, is not repugnant to the constitution of this State, as impairing the right of trial by jury. *Tilley* v. *Cox*, 119 *Ga.* 867.

3. Assignments of error not referred to in the brief of counsel for the plaintiff in error are considered as abandoned.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

Argued November 29, 1905.—Decided February 19, 1906.

Rehearing denied March 3, 1906.