## GRIGGS *v.* THE STATE.

This court will not pass upon the constitutionality of a statute, unless it appears that the question was made in the court below and passed upon by the trial judge, and further that the particular provision of the constitution alleged to have been offended by the statute was clearly designated.

Submitted October 26, 1907.—Decided January 30, 1908.

Question of constitutional construction, from Court of Appeals.

*J. P. Jacoway* and *Lamar Rucker,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

BECK, J.  This case is before the Supreme Court under that provision of the constitutional amendment creating the Court of Appeals which declares that when, "in a case pending in the Court of Appeals, a question is raised as to the construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court; and thereupon a transcript of the record shall be transmitted to the Supreme Court, which, after having afforded to the parties an opportunity to be heard thereon, shall instruct the Court of Appeals on the question so certified; and the Court of Appeals shall be bound by the instruction so given." Acts 1906, p. 26.  And the question certified to this court is as follows:  "Does the act approved December 14th, 1899, as found

in the Georgia Laws, pages 88-89, violate the constitution of the State of Georgia or the constitution of the United States?" While certifying the foregoing question to this court, the Court of Appeals, in connection with the certification of the question, have called the attention of this court to the fact that "the judgment of the trial court merely decides in general terms that the act of the General Assembly upon which the defendant's defense is predicated is unconstitutional, and no clause of either constitution, the State or Federal, is designated as the one violated. This court, as well as the Supreme Court, has enunciated certain well-defined rules of form and definiteness which must be observed by the party alleging the unconstitutionality of a statute. (See *Anderson* v. *State,* 2 *Ga. App.* 1, and cases cited.) The question of the constitutionality of the act of 1899, referred to above, is not presented with the formality and definiteness required by these rules." And the Court of Appeals say further, "We are unable to point out the specific grounds of the attack upon the constitutionality of the statute in question; nor have we deemed it proper that we should investigate into the merits of the question to see if there is any well-founded ground of attack."

The certified question above stated was formulated in connection with the explanatory statement which we have set forth. This court can not undertake to pass upon the constitutionality of the statute in question; for in order to do so it would be necessary to disregard previous rulings wherein it was held, that, before the Supreme Court will undertake to pass upon the constitutionality of a statute that is attacked upon the ground that it is in contravention of the constitution, it must appear what particular provision of the constitution is offended, and it must further appear that the question as to whether or not that provision of the constitution is violated was passed upon by the trial court. Here we are not advised as to what provision of the constitution the trial judge had in mind when he held that "It is considered and adjudged by the court that the defendant, A. Griggs, is guilty as charged, because of the unconstitutionality of the act of 1899, pages 88 and 89, approved December 14th, 1899; and the court adjudged said act to be unconstitutional and adjudged the defendant guilty." In fact it can not be determined from this record whether he had in mind, at the time of rendering the above judgment, the Federal

or State constitution. The Court of Appeals, in the case of *Anderson* v. *State, 2 Ga. App.* 1 (58 S. E. 401), says: "Reviewing courts will not pass upon the constitutionality of an act of the General Assembly, unless it appears that the question was made or presented in the court below and was passed upon by the trial judge; nor unless it clearly appears from the record what clause or paragraph of the constitution it is claimed that the statute violates." This holding was a restatement of the rulings made in a large number of cases there cited. The rule is wise, salutary, and well established; and we are of opinion that it is not permissible to either revoke or breach it because of the exigencies of a particular case.