## WORTHY *v.* CHEATHAM.

BECK, J. **1.** The act approved September 21, 1883 (Acts 1882-3, p. 506), which was an act to create a board of commissioners of roads and revenues for the county of Terrell, etc., contained the following provision as to the office of clerk of the board: "The ordinary of said county shall be ex officio the clerk of said board of commissioners, and he shall keep a record of all their proceedings and shall submit the same to the grand jury of said county at the spring term of the superior court in each year, or oftener, if requested so to do by the board or the grand jury." It was provided in the act that the ordinary as clerk should receive such compensation for his services as might be fixed by the board. This act was amended by an act approved August 9, 1912 (Acts 1912, p. 471), by adding to the provision relative to the clerk of the board the following: "That should the ordinary refuse to act as clerk of said board of commissioners, the board shall have the right to elect a clerk from their body, or from the outside, as they may see fit or deem best." Under these provisions the office of clerk of the board of commissioners was such an office as would render the title thereto a proper subject of quo warranto proceedings instituted by one claiming the right to the office against one in fact discharging the duties thereof. *Cooper* v. *State,* 101 *Ga.* 783 (29 S. E. 22) ; *McCarthy* v. *McKinney,* 137 *Ga.* 292, 297 (73 S. E. 394) ; Civil Code (1910), § 5451.

2. Under the provisions of the two acts above cited, and the issues made in this case, it appearing from the uncontradicted evidence that the relator, who was at that time ordinary of the county of Terrell, had not refused to serve as clerk of the board, the court did not err in directing a verdict in his favor.

(*a*) The above ruling is made upon a consideration of the provisions of the acts of 1883 and 1912, relative to the clerk of the board of commissioners of roads and revenues, and without reference to the act approved August 16, 1913 (Acts 1913, p. 443), which was attacked by the respondent on the ground that it was unconstitutional. But even if the act of 1913 was unconstitutional for any of the reasons assigned, or was not in effect, the ruling which we have made is required under the provisions of the acts of 1883 and 1912 first referred to. And if the act of August 16, 1913, is a valid act and in force, it also required the judgment rendered by the court below and sustained here; for the act last referred to provides expressly that "the ordinary shall be ex-officio clerk of said commissioners and shall for his services receive the salary of," etc.

3. There was no error in repelling the evidence the exclusion of which is complained of by the plaintiff in error.

> *Judgment affirmed.    All the Justices concur.*
> SEPTEMBER 22, 1914.

Quo warranto.    Before Judge Worrill.    Terrell superior court. December 5, 1913.

*W. H. Gurr* and *J. R. Irwin,* for plaintiff in error.

*M. C. Edwards, M. J. Yeomans,* and *H. A. Wilkinson,* contra.