## LEE v. CENTRAL OF GEORGIA RAILWAY COMPANY et al.

1. In his judgment granting a second new trial, after verdict in an action of tort, the judge of the city court of Savannah declared unconstitutional the provision of the act of 1915, relating to that court, which refers to a second new trial. This ruling was made upon oral argument of counsel, no question of the constitutionality of the act of 1915 having otherwise been raised. *Held*, that the Court of Appeals of this State has jurisdiction of a writ of error from the judgment.

2. An employee of a railway carrier engaged in interstate commerce

cannot maintain a joint action against the carrier and its engineer, under the Federal employer's liability act of 1908, where concurring negligence of the carrier and the engineer in the course of interstate commerce is alleged as the cause of the injury on which the action is based; although a violation of the Federal safety-appliance act be alleged against the carrier.

No. 185. NOVEMBER 17, 1917. REHEARING DENIED DECEMBER 15, 1917.

The Court of Appeals certified the following questions (in case No. 7296):

"1. In a case tried in the city court of Savannah a second new trial was granted the same party upon the sole ground that the evidence strongly preponderated in his favor, and in the order granting the new trial the judge of that court declared unconstitutional so much of the act approved August 13, 1915, relating to the city court of Savannah (Acts 1915, p. 123, section 5), as provides: 'No second new trial shall be granted in any case except for errors of law, or where there is no evidence to support the verdict.' This ruling was made upon oral argument only of counsel for the movant, there being no pleadings in which the constitutionality of the act in question was attacked. The losing party excepts to the grant of the second new trial. Conceding that the evidence supports the verdict and that no error of law appears, has the Court of Appeals jurisdiction to hear and determine this case, or does it 'involve the construction of the constitution of the State,' or is it a case 'in which the constitutionality of any law of the State of Georgia . . is drawn in question,' in contemplation of the amendment to the constitution, ratified November 7, 1916, relating to the jurisdiction of the Supreme Court?

"2. May an employee of a railway company engaged in interstate commerce maintain a joint action against the company and its engineer, under the Federal 'employer's liability act' of 1908, where concurring negligence of the interstate carrier and its engineer in the course of interstate commerce is alleged as the cause of the injury to the plaintiff, and where also a violation of the 'safety-appliance act' of Congress is charged against the carrier?"

*Osborne, Lawrence & Abrahams,* for plaintiff.

*Lawton & Cunningham* and *H. W. Johnson,* for defendant.

GILBERT, J. 1. The Court of Appeals has jurisdiction to hear and determine this case. It does not "involve the construction of the constitution of the State," nor is it a case "in which the con-

stitutionality of any law of the State of Georgia . . . is drawn in question," in contemplation of the amendment to the constitution, ratified November 7, 1916, relating to the jurisdiction of the Supreme Court.

The record of the case, together with the query propounded by the Court of Appeals, shows that the trial judge, in rendering the judgment granting a new trial, declared a part of a statute of the General Assembly "unconstitutional," without indicating whether it offended against the State or the Federal constitution, and without pointing out what portion of either constitution it offended. The question propounded assumes that the ruling has reference to the constitution of Georgia. Even with this qualification the ruling is not sufficiently specific to afford a review of the same. A reviewing court can not ascertain what section or paragraph of the constitution the trial judge had in mind; and it is an unvarying rule that this court will not search through and consider the entire constitution, State or Federal, to determine whether the act offends in some particular, where none is specified. *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *Anderson* v. *State,* 2 *Ga. App.* 1 (58 S. E. 401). The judgment, therefore, in this case should be treated without reference to the constitutionality of the act, since this has not been drawn in question.

2. The second question is answered in the negative. An employee of a railway company engaged in interstate commerce can not maintain a joint action against the company and its engineer under the "Federal employer's liability act" of 1908, where concurring negligence of the interstate carrier and its engineer in the course of interstate commerce is alleged as the cause of the injury to the plaintiff. And this is true irrespective of any allegation as to a violation of the "safety-appliance act" of Congress.

The Federal employer's liability act imposes a duty upon the carrier, and this law is exclusive. All State laws which were applicable to such a case prior to the above enactment are suspended. *Landrum* v. *W. & A. R. Co.,* 146 *Ga.* 88 (90 S. E. 710); N. Y. Central R. Co. v. Winfield, 244 U. S. 147 (37 Sup. Ct. 546, 61 L. ed. 1045, Ann. Cas. 1917D, 1139); N. Y. Central &c. R. Co. *v.* Tonsellito, 244 U. S. 360 (37 Sup. Ct. 620, 61 L. ed. 1194). This law, however, does not apply to the engineer. It is statutory, and its applicability is limited by its own terms to interstate common

carriers. "As only common carriers are liable under the act, an individual or a corporation not a common carrier can not be made a joint defendant. Nor can an employee of a defendant railroad company be joined with it as a defendant." Richey, Fed. Em. L. Act (2d ed.), § 128, and authorities cited. See also Taylor v. Southern Ry. Co., 178 Fed. 380. In the case of *Western & Atlantic R. Co.* v. *Smith,* 144 *Ga.* 737 (87 S. E. 1082), this court decided that in a suit under the State law an employee of a railroad company could not join as defendants, in the same action, the employer company and another railroad company not sustaining the relation of employer. In such a case the rules of law applicable to the several defendants are not the same. To join defendants in one suit they must owe the same duty. 38 Cyc. 483. Where there is no joint duty there can be no joinder. 29 Cyc. 565, note 71. In a suit where the laws of this State are applicable to both the engineer and the carrier, they may be jointly sued for an injury caused by concurring negligence of the two. *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191).

A conclusion contrary to the one stated above, even if it could be reconciled with the Federal statute, would lead to confusion and injustice. Under our Civil Code, § 4513, "if judgment is entered jointly against several trespassers and is paid off by one, the others shall be liable to him for contribution." If the carrier and its engineer were jointly liable under the conditions stated in the second question, a joint judgment would result against them, and they would be equally bound, regardless of the fact that the duties imposed upon them are not the same. The jury would have no power in such a case to specify the particular damages to be recovered of each, since Civil Code § 4512 is not applicable to personal torts. *McCalla* v. *Shaw,* 72 *Ga.* 458; *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870).

*All the Justices concur, except Fish, C. J., absent, and Atkinson, J., disqualified.*