CITY OF ATLANTA *v.* STANDARD LIFE INSURANCE COMPANY

GILBERT, J. 1. "Every fire insurance company and life insurance company incorporated under the laws of this State, and doing business on the legal reserve plan, shall be required to return for taxation all of its real estate as other real estate is returned, and all of the personal property owned by such company shall be returned as other personal property is returned for taxation, and the value of the personal property owned by it shall be ascertained in the following manner: From the total value of the assets held by the company, both real and personal, shall be deducted the assessed value of all the real estate owned by the company in this State, the non-taxable bonds deposited by the company with the State treasurer, and the amount of the reserve or net value of its policies required by law to be held by the company for its policyholders and which belong to such policyholders; the remainder shall be the value of the personal property owned by and taxable against such company." Civil Code (1910), § 980. Applying this statute to the facts of the case, the court did not err in granting an interlocutory injunction against the City of Atlanta, which was undertaking to collect taxes from the Standard Life Insurance Company without deducting the reserve fund from its total assets.

2. The demurrer wherein it was sought to bring in question the constitutionality of the above-stated statute is insufficient to raise any question for decision by this court. No clause of the constitution is designated as the one violated. *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E., 103). FISH, C. J., dissents.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent, and*

FISH, C. J. To my mind the demurrer to the petition states with sufficient definiteness the ground upon which the code section is claimed to be unconstitutional, and I must, therefore, dissent from the ruling of the majority of the court made in the second headnote.

No. 1297. NOVEMBER 14, 1919.

Injunction.    Before Judge Ellis.    Fulton superior court.    January 8, 1919.

*J. L. Mayson* and *S. D. Hewlett,* for plaintiff in error.

*Candler, Thomson & Hirsch,* contra.