DOBBS, clerk, *et al. v.* BULLARD *et al.*, commissioners.

A question of the constitutionality of a legislative act is not raised by a demurrer in which no particular clause or part of the constitution is sufficiently stated or pointed out.

It was not error to grant a mandamus absolute.

No. 1449. NOVEMBER 19, 1919.

Mandamus. Before Judge Morris. Cobb superior court. May 10, 1919.

To the statement of facts appearing in the opinion it may be added that the grounds of the demurrer to the petition (and of the objections raised in the answer) were as follows:

1. That the act of 1918, purporting to abolish the fees of the solicitor-general of the Blue Ridge Circuit, is unconstitutional and void, for the following reasons: (1) The salary of the solicitor-general is payable exclusively out of the State treasury, and the attempt to supplement it from the treasuries of counties is inoperative and void. (2) The payment of said salary or any of it is not an object of county tax, and is not included in any of the purposes for which county taxes may be assessed. (3) The counties or county authorities have no power to levy or collect a tax for

the purpose of paying any part of the additional salary. (4) The act of 1918 is unconstitutional, because by its terms the funds, moneys, and emoluments accruing to the office of solicitor-general, and applicable to his insolvent-cost orders, are to be paid into the treasuries and become the property of the counties, notwithstanding the vested rights of the solicitor-general to the same.

2. The General Assembly lacked authority to pass said act, because: (*a*) It had no authority to provide for the payment of said additional salary, or any part of it, out of the general treasuries of the counties of the circuit. (*b*) It had no authority to make any part of the additional salary chargeable against any of said counties. (*c*) It had no authority to make an assessment against any of said counties for the purpose of paying the additional salary. (*d*) It had no power to make it the duty of the ordinary, county commissioners, or other authority having control of county matters to cause any part of the additional salary to be paid out of the funds of their counties. (*e*) It had no power to make it the duty of any of such authorities to make provision for the purpose of paying any part of the additional salary. (*f*) It had no power or authority to delegate to any of said counties the power to levy taxes for the purpose of paying any part of the additional salary.

*J. Z. Foster,* for plaintiffs in error. *D. W. Blair,* contra.

HILL, J. The petition in this case was filed by Bullard et al., as commissioners of roads and revenues of Cobb County, against James E. Dobbs, clerk of the superior court, and John T. Dorsey, solicitor-general of the Blue Ridge Circuit, to require them to pay into the treasury of Cobb County all fines, forfeitures, and moneys, from every source, accruing to the office of solicitor-general in that county since January 1, 1919, and calling on the solicitor-general to make a written report of all moneys collected, and furnish to petitioners, as provided in the act of the General Assembly approved August 20, 1918 (Acts 1918, p. 360), to abolish fines, forfeitures, and fees formerly belonging to the solicitor-general of the Blue Ridge Circuit, and providing an additional salary for the solicitor-general in lieu thereof. The defendants both demurred to and answered the petition. The act in question was attacked as being unconstitutional and void on various grounds, but no particular clause or portion of the constitution is sufficiently stated or pointed out as being violated. The court,

after hearing argument, passed an order granting a mandamus absolute, as prayed for in the petition; to which ruling the respondents excepted and assigned the same as error.

As no particular clause or portion of the constitution is sufficiently stated or pointed out as being offended by the act, no question is raised for decision by this court on the constitutionality of the act of 1918, supra; and consequently, as the sole attack is on the constitutionality of the act, the court did not err in granting the mandamus absolute. *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *Lee* v. *Central of Ga. Ry. Co.,* 147 *Ga.* 428 (94 S. E. 558); *City of Atlanta* v. *Standard Life Ins. Co.,* 149 *Ga.* 501 (101 S. E. 122).

*Judgment affirmed. All the Justices concur.*