*Travis & Travis,* contra.

---

### STANDARD LIFE INSURANCE CO. *v.* CITY OF ATLANTA.

ATKINSON, J. It is declared in the Civil Code, § 980: "Every fire insurance company and life insurance company incorporated, under the laws of this State, and doing business on the legal reserve plan, shall be required to return for taxation all of its real estate as other real estate is returned, and all of the personal property owned by such company shall be returned as other personal property is returned for taxation; and the value of the personal property owned by it shall be ascertained in the following manner: From the total value of the assets held by the company, both real and personal, shall be deducted the assessed value of all the real estate owned by the company in this State, the non-taxable bonds deposited by the company with the State treasurer, and the amount of the reserve or net value of its policies required by law to be held by the company for its policyholders and which belong to such policyholders; the remainder shall be the value of the personal property owned by and taxable against such company." *Held:*

1. When considered in connection with the preceding part of the statute, the words, "total value of the assets held by the company," refer to assets owned by the company. "Reserve," as employed in the latter part of the statute, refers to property not designed to be taxed as property of the company. Under such construction, deduction of "reserve" from "total value" of the assets held by the company, while not expressly exempting the "reserve" as such, would accomplish a result amounting to the same thing, namely, a reduction of the ascertainable value of the personal property of the company equal to the amount of the reserve.

2. So much of the statute as refers to method for ascertaining the value of personal property is violative of the constitution, article 7, section 2, paragraphs 1, 2, 4 (Civil Code, §§ 6553, 6554, 6556), providing that taxes shall be uniform and ad valorem, and prohibiting the exemption of property from taxation otherwise than as specially mentioned. No question as to constitutionality of the statute was decided in *City of Atlanta v. Standard Life Insurance Co.,* 149 *Ga.* 501 (101 S. E. 122).

3. Under the pleadings and the agreed statement of facts, the judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

No. 1987. FEBRUARY 18, 1921.

Equitable petition. Before Judge Pendleton. Fulton superior court. March 17, 1920.

*Candler, Thomson & Hirsch,* for plaintiff.

*J. L. Mayson* and *J. M. Wood,* for defendant.