16849. UNITED STATES FIDELITY & GUARANTY CO.
*et al. v.* WATTS.

1. No question as to the constitutionality of any act of the General Assembly is made by the present record. This court has jurisdiction of the case, and the act which counsel for defendant in error has attacked by brief in this court as being unconstitutional must be treated as valid.
2. Under the provisions of section 3 of the act approved August 7, 1917, the treasurer of Sumter county became ex-officio clerk of the board of roads and revenues of that county. As such, he was an officer and not an employee.
3. The award of the industrial commission was illegal, and the superior court erred in not sustaining the appeal therefrom.

DECIDED MAY 15, 1926.

Appeal; from Sumter superior court—Judge Littlejohn. September 5, 1925.

*Bryan & Middlebrooks,* for plaintiffs in error.

*J. A. Hixon,* contra.

BELL, J. H. D. Watts, clerk (or ex officio clerk) of the county commissioners of Sumter county, received an injury for which he sought compensation under the workmen's compensation act. From an award in his favor by the industrial commission the alleged employer and the insurance carrier appealed to the superior court, by which court the award was affirmed, and the appellants excepted. The principal question for determination is whether the claimant was an employee of the county at the time of his injury. His insists that he was. The county and the insurance carrier contend on the other hand that he was an officer.

The board of commissioners of roads and revenues of Sumter county was created by an act of the General Assembly, approved December 13, 1871. See Ga. L. 1871-2, p. 225. Section 7 of this act provided as follows: "That said board may elect a clerk, whose duties shall be defined by said board, with such compensation to be paid out of the county treasury as they may see proper to give him; said compensation, however, not to exceed thirty dollars per annum." The act of 1871 was amended in 1879 "so as to authorize said board of commissioners for the county of Sumter to pay the clerk of said county an annual salary not exceeding

Appeal and Error, 4 C. J. p. 710, n. 73.
Courts, 15 C. J. p. 1038, n. 39.
Officers, 29 Cyc. p. 1364, n. 28.
Workmen's Compensation Acts, C. J. p. 48, n. 50 New.

two hundred dollars," the salary, when "fixed," to be paid out of any funds of the county treasury of Sumter county on the warrant of the commissioners.    Ga. L. 1878-9, p. 344.    In 1917 the legislature passed an act placing the county treasurer upon a salary of one hundred dollars per month, and providing, in section 3, that "from and after the first day of January, 1918, the treasurer of Sumter county, Georgia, shall, in addition to the duties now required of him by law, be ex-officio clerk of the board of commissioners of roads and revenues of Sumter county, Georgia, and shall do and perform all the clerical work of said board, and shall receive no fees or compensation for such work in addition to the salary fixed by section one of this act." Ga. L. 1917, p. 390.

The following facts were developed in the trial before the industrial commission:  Mr. Watts was county treasurer at the passage of the act of 1917, but another was then serving as clerk, and continued to do so for some time thereafter.  Ultimately the question arose as to whether, in view of this act, the duties of clerk should not be performed by Mr. Watts.  He contended that the provisions of the act which undertook to impose such additional duties on the treasurer were not binding, and the matter was referred to the county attorney.  This attorney, according to his testimony before the industrial commission, then advised the board, "as to this part of [the act] that refers to the clerk of the board," "that the duties of the treasurer were prescribed under a general law applicable to all treasurers of .counties of the State, and that the legislature could not by a special bill impose other duties on the treasurer of Sumter county, because it would be in violation of the constitutional provision forbidding the passing of a special law; that the general law which was of force and in existence as applicable to treasurers" is contained in the Civil Code, § 576, the terms of which the attorney stated in his opinion to the board and repeated in his  testimony in the present case.  This witness further testified that he advised the board that "in his judgment . .  section 4 [3 ?], imposing upon the treasurer of Sumter county the additional duty of being clerk of [or ?] secretary for the board of commissioners of Sumter county, would be in violation of the constitution, which forbids the passage or enactment of a special law covering matters for which provision had been made by a general law, and that these duties could not be imposed upon

Mr. Watts; that he could refuse to perform them as treasurer." The evidence showed also that "Mr. Watts did refuse to perform the duties for the board unless they paid him additional salary." Whereupon the county commissioners agreed to pay Mr. Watts a salary in addition to that to which he was entitled as treasurer, and "he took up the duties as clerk in 1919." The claimant introduced in evidence the minutes of a meeting of the board of commissioners, held on January 7, 1924, as follows: "Board of county commissioners of roads and revenues of Sumter county. Met in regular session. . . The following election for the year 1924 was made by the board: H. D. Watts, clerk, at $85.00 per month." Also the record of a meeting held on February 4, 1925, was introduced, and showed the following: "Moved and seconded to raise the clerk's salary to $100.00 per month." The claimant had performed the duties of clerk continuously from the time he "took them up" in 1919 until his injury on March 28, 1925.

In making its award the industrial commission stated: "Capt. Watts was filling a dual position, that of county treasurer and that of clerk of the board of county commissioners of roads and revenues. He was not injured as county treasurer, but as said clerk, and as such clerk is entitled to compensation. The duties delegated to him under the act seem to have been clearly unconstitutional, and were so recognized by the county attorney and by the board. Therefore he could not have been acting in the capacity of county treasurer, for which no compensation could have been payable, but he was acting in the capacity of clerk of the board of commissioners of roads and revenues, for which he is clearly entitled to compensation, and it is so held."

1. Counsel for defendant in error contends that, inasmuch as the duties of county treasurer are prescribed by the general law as contained in the Civil Code, § 576, the section of the act of 1917, which undertakes to impose upon the county treasurer the duties of clerk of the board of commissioners, is unconstitutional and void, for the reason that it violates the following provision of the constitution: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights shall be

29

varied in any particular case by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract is capable of such consent." Civil Code (1910), § 6391. The proposition is then urged that Mr. Watts did not become clerk, or ex-officio clerk, of the county commissioners by virtue of the act of 1917, but that he assumed the duties of such position by a contract entered into between himself and the board on his refusal to recognize the validity of the act, and that consequently he was an employee and not an officer at the time of his injury.

As appears from the foregoing statement, the only way in which the validity of the act of 1917 was questioned before the industrial commission was by proof that the claimant some years previously had refused to recognize it, that the county attorney had then advised the county commissioners that as to the provisions in question it was unconstitutional, and that they had accepted and acted on his opinion. That is to say, it was merely *shown by evidence that at some other time and place* the validity of the act had been questioned by the parties, and that they had concluded, and had acted upon the theory, that it was unconstitutional. This did not amount to an attack upon its constitutionality before the industrial commission. But that tribunal held it to be unconstitutional any way, and the superior court affirmed the ruling. On exceptions then brought to this court to review the judgment, is a constitutional question made in the record? The answer to this question will have relation to this court's jurisdiction, as well as to the ultimate question for decision. See Park's Code Supp. (1922), §§ 6502, 6506.

In *Griggs* v. *State,* 3 *Ga. App.* 683 (60 S. E. 364), "the plaintiff in error was found guilty of running a freight-train on the Sabbath day. His case was tried upon an agreed statement of facts before the judge of the superior court. The running of the freight train was admitted. The defendant relied, for his defense, on the exemption provided by the amendment to § 420 of the Penal Code, passed in 1899 (Acts of 1899, p. 99). The judge of the superior court placed his judgment, finding the defendant guilty, upon the ground that the act of 1899 was unconstitutional and therefore afforded Griggs no defense." His judgment was as follows: "It is considered and adjudged by the court that the

defendant, A. Griggs, is guilty, as charged, because of the unconstitutionality of the act of 1899 (Acts 1899, pp. 88, 89), approved December 14, 1899. And the court adjudges said act to be unconstitutional, and adjudges the defendant guilty." This court certified the case to the Supreme Court, and in response to the question propounded the Supreme Court held: "This court will not pass upon the constitutionality of a statute unless it appears that the question was made in the court below and passed upon by the trial judge, and further that the particular provision of the constitution alleged to have been offended by the statute was clearly designated." *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103). When the case was thereafter returned to the Court of Appeals for final disposition, the court, speaking through Judge Russell, said: "The only logical effect of the decision of the Supreme Court in the present case is to hold that the judge of the superior court does not have the power to declare a legislative enactment unconstitutional, unless there is specified some particular provision of the fundamental law which is violated. And where an act is so held to be unconstitutional, without any reference to the provision of the constitution offended, an appellate court, considering the judgment upon review, must, in the absence of any specification or direction as to how and wherein and for what reason the act in question is unconstitutional, give superior weight to the general presumption to which reference has heretofore been made. In the absence of any special reason showing why a specific legislative enactment is unconstitutional, and unless it is also shown what particular provision of the fundamental law the act in question violates or offends, every law as passed by the General Assembly of this State must be presumed to be constitutional." In *Lee* v. *Central of Georgia Ry. Co.,* 147 *Ga.* 428 (94 S. E. 558, 13 A. L. R. 156), the Supreme Court ruled as follows: "In his judgment granting a second new trial, after verdict in an action of tort, the judge of the city court of Savannah declared unconstitutional the provision of the act of 1915, relating to that court, which refers to a second new trial. This ruling was made upon oral argument of counsel, no question of the constitutionality of the act of 1915 having otherwise been raised. *Held,* that the Court of Appeals of this State has jurisdiction of a writ of error from the judgment." One of the conclusions to be deduced from these cases is, that the

trial judge should never declare an act unconstitutional, in the absence of a proper challenge, and that, even where he volunteers to do so, the reviewing court must, nevertheless, regard the law as valid. Since the claimant did not attack the act as being unconstitutional, in the trial before the industrial commission, he could not thereafter be heard to sustain the award upon such ground, in the superior court or elsewhere. *Shepherd* v. *City of Jackson,* 18 *Ga. App.* 216 (2) (89 S. E. 161); *Campbell* v. *Hutcheson,* 23 *Ga. App.* 111 (2) (97 S. E. 555); *Edwards* v. *McNair,* 152 *Ga.* 486 (110 S. E. 280); *Bolton* v. *City of Newnan,* 147 *Ga.* 400 (2) (94 S. E. 236). And see further, in this connection: *Dobbs* v. *Bullard,* 149 *Ga.* 553 (101 S. E. 122); *City of Atlanta* v. *Standard Life Ins. Co.,* 149 *Ga.* 501 (2) (101 S. E. 122); *Johnston* v. *Brenau College-Conservatory,* 146 *Ga.* 182 (5) (91 S. E. 85); *Patterson* v. *Bank of Alapaha,* 148 *Ga.* 356 (96 S. E. 863); *Spielberger* v. *Hall,* 159 *Ga.* 511 (126 S. E. 391); *Savannah, Florida & Western Ry.* v. *Hardin,* 110 *Ga.* 433 (35 S. E. 681); *Laffitte* v. *Burke,* 113 *Ga.* 1000 (39 S. E. 433). We conclude that no constitutional question is raised, and it follows that this court is not without jurisdiction to pass upon the case, and that in arriving at our decision the act of 1917 is to be dealt with as constitutional and valid.

2. The act being presumed to be valid, the claimant was ex-officio clerk of the county commissioners and, being such, was an officer and not an employee. *Cooper* v. *State,* 101 *Ga.* 783 (29 S. E. 22); *Wright* v. *Gamble,* 136 *Ga.* 376 (71 S. E. 795, 35 L. R. A. (N. S.) 866, Ann Cas. 1912C, 372); *Worthy* v. *Cheatham,* 142 *Ga.* 440 (83 S. E. 113); *Marlow* v. *Savannah,* 28 *Ga. App.* 368 (110 S. E. 923); *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865); *Board of Education of Doerun* v. *Bacon,* 22 *Ga. App.* 72 (95 S. E. 753). Being an officer under the provision 'of the statute just referred to, he could not claim to be clerk under a private contract between himself and the county. *Twiggs* v. *Wingfield,* 147 *Ga.* 790 (95 S. E. 711, L. R. A. 1918E, 757). But even if we should ignore the act of 1917 (which we can not do), would it not be true that the claimant occupied the status of an officer under the act of 1871? See *Worthy* v. *Cheatham,* supra.

3. The claimant was not entitled to compensation unless he was an employee. *Marlow* v. *Savannah,* supra. The award of

the industrial commission was illegal, and the superior court erred in not sustaining the appeal.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*