18596. DUMAS *v.* BARNESVILLE BANK.

BELL, J. 1. "Where a justice's court has jurisdiction of the parties and the subject matter, the fact that the justice is related to one of the parties within the fourth degree of consanguinity, does not render his judgment absolutely void, but only voidable, and it can not be attacked by affidavit of illegality on that ground." *Rogers* v. *Felker.* 77 *Ga.* 46; *Jarrell* v. *Guann,* 105 *Ga.* 139 (2) (31 S. E. 149).

2. A justice's court has jurisdiction of a suit upon a note where the principal sum claimed does not exceed $100, irrespective of any interest that may be due. The principal sum sued for in this case being $96, the court had jurisdiction even though the amount exceeded $100 when the accrued interest was added. *Southern Express Co.* v. *Hilton,* 94 *Ga.* 450 (20 S. E. 126); Civil Code (1910), §§ 4665, 4666, 4711.

3. Ground 3 of the affidavit of illegality was as follows: "That the magistrate not only rendered judgment for plaintiff in said case, but also rendered judgment for himself for cost, and to that extent was an interested party. Affiant says that his constitutional rights have been violated in that the magistrate was interested in the outcome of the case to the extent of his cost. Wherefore affiant alleges that the

justice court in which said judgment was rendered is unconstitutional, being contrary to the Federal constitution, and therefore said judgment and execution based thereon is null and void." Any question here attempted to be raised, relating merely to the disqualification of the justice of the peace upon the ground of financial interest, like the question of relationship, came too late when urged for the first time by affidavit of illegality; and so far as this ground of the affidavit sought to attack, as unconstitutional, any statute of this State in reference to courts of justices of the peace, there is a total failure to comply with the rules of practice essential in the presentation of constitutional questions, even assuming that a constitutional question might have been raised for the first time in the affidavit of illegality. The question of whether an act of the legislature is violative either of the Federal or the State constitution is not raised by a mere general allegation that it is unconstitutional. *Lawrence* v. *State,* 34 *Ga. App.* 237 (2) (129 S. E. 11); *U. S. Fidelity &c. Co.* v. *Watts,* 35 *Ga. App.* 447 (133 S. E. 476); *Savannah, Fla. & W. R. Co.* v. *Hardin,* 110 *Ga.* 433 (35 S. E. 681); *Lafitte* v. *Burke,* 113 *Ga.* 1000 (39 S. E. 433); *Newkirk* v. *So. Ry. Co.,* 120 *Ga.* 1048 (48 S. E. 426).

4. The court did not err in dismissing the affidavit of illegality.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 16, 1928.

*B. H. Manry,* for plaintiff in error. *Claude Christopher,* contra.