## INLOW v. THE STATE.

ATKINSON, J. 1. This court will not pass upon the constitutionality of a statute, where the particular provision of the constitution alleged to have been offended by the statute is not clearly designated. *Griggs* v. *State*, 130 *Ga.* 16 (60 S. E. 103); *City of Atlanta* v. *Standard Life Insurance Co.*, 149 *Ga.* 501 (2) (101 S. E. 122); *Dobbs* v. *Bullard*, 149 *Ga.* 553 (101 S. E. 122); *Wadley* v. *McCommon*, 154 *Ga.* 420 (114 S. E. 357); *City of Macon* v. *Anderson*, 155 *Ga.* 607 (4) (117 S. E. 753).

2. A ground of the motion for a new trial complained that the judge held that a designated act of the legislature was "unconstitutional." The record does not disclose that the statute had been attacked as violative of any particular provision of the State or Federal constitution. The motion for a new trial was overruled on the ground that the statute "is unconstitutional." Under the principle stated in the preceding paragraph, the assignment of error based on the above ruling is too indefinite to present any question for consideration as to unconstitutionality of the statute.

3. This court is without jurisdiction of the writ of error; and the case will be transferred to the Court of Appeals, which has jurisdiction. *Lee* v. *Central of Georgia Railway Co.*, 147 *Ga.* 428 (94 S. E. 558, 13 A. L. R. 156).

*Transferred to Court of Appeals. All the Justices concur.*

No. 7441. APRIL 10, 1929.

*Bower & Bower, G. G. Bower,* and *J. D. Bower Jr.,* for plaintiff in error.

*F. E. Strickland, solicitor,* contra.