SWEAT & GASKINS *v.* WILLIAMSON *et al.*

No. 12141. JANUARY 15, 1938. REHEARING DENIED FEBRUARY 18, 1938.

**498**

*Lee S. Purdom* and *Milton C. Granger*, for plaintiffs.

*J. B. Moore*, for defendants.

GRICE, Justice. ▓ The rulings stated in the first four headnotes require no elaboration.

▓ The retention-title agreement, which evidenced the terms of the sale, containing an express statement that the seller only warranted title to the article sold, an implied warranty against defects in the thing sold is by such provision excluded. *Barber* v. *Singletary*, 13 *Ga. App.* 171 (78 S. E. 1100), and cit. Compare *Johnson* v. *Latimer*, 71 *Ga.* 470. This principle, however, does not preclude the purchaser from pleading and proving actual fraud in the sale, which, when done, will authorize a rescission of the contract. *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (5) 560 (150 S. E. 600), and cit. That the physical condition of the mule, the subject-matter of the sale, "was bad, that her wind was broken, her eyes were bad, she was sick and would not eat as she should," was a step in the proof necessary to be made before the purchaser could benefit by his defense that the sale was induced by fraud. Therefore the evidence was admissible. Standing alone, however, such evidence does not make out a case of fraud. It merely tends to show a failure of consideration, which defense, in the instant case, can not be made, in view of what is contained in the writing evidencing the terms and conditions of the sale. There is not a line in the record to indicate that the sellers, or either of them, knew of the defective condition of the mule; and there is an utter absence

of anything to show any deliberate, wilful misstatement as to the mule's condition. In short, there is no evidence in the record to support the plea of the purchaser that the plaintiff fraudulently represented the mule to be sound, knowing it to be unsound. The evidence not demanding a finding in favor of the defendants or either of them, the court erred in so directing.

A perusal of the accompanying statement of facts will, we think, make unnecessary any special reference in this opinion to the other points dealt with in the headnotes.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents.*

ATKINSON, Presiding Justice. I dissent on the ground that the Supreme Court has not jurisdiction of the case, and that it should be transferred to the Court of Appeals. *Dobbs* v. *Bullard,* 149 *Ga.* 553 (101 S. E. 122); *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *Lee* v. *Central of Ga. Ry. Co.,* 147 *Ga.* 428 (94 S. E. 558, 13 A. L. R. 156).

BELL and JENKINS, Justices, concurring specially. The case should be transferred to the Court of Appeals, as stated in the foregoing dissent; but since a majority do not so agree, it must necessarily remain in this court for decision. Accordingly, while no question as to the constitutionality of the act of 1937 was properly raised in the court below, and for that reason we decline to pass on such question, we agree to the result reached in the prevailing opinion, because, in the absence of a proper attack, the statute must be treated as valid. On other questions we concur in the opinion as written.