### 29028. ANTHONY *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 29, 1941. REHEARING DENIED DECEMBER 17, 1941.

*Ralph R. Quillian, Philip F. Etheridge,* for plaintiff in error.
J. C. Savage, J. C. Murphy, E. L. Sterne, F. A. Hooper Jr., contra.

BROYLES, C. J. The defendant, an operator of a "beauty shop," was convicted in the recorder's court of the City of Atlanta of

violating section 1 of an ordinance of the city known as the "beauty-shop ordinance." That section prescribed minimum prices to be charged by operators of beauty shops. Another section of the ordinance prescribed the hours during which such shops could remain open for business. The specific charge against the defendant was that he charged a customer $1.50 for a "permanent wave," when the minimum price fixed by the ordinance was $2.50. The defendant's certiorari was overruled by a judge of the superior court, and that judgment is assigned as error.

The defendant contended before the recorder that he was not guilty, and also that the ordinance was unconstitutional and unauthorized by the city's charter. However, his attack on the ordinance, as shown by the petition for certiorari, was not definitely directed against section 1 of the ordinance, but against the ordinance as a whole. It is well settled that one or more sections of an ordinance may be unconstitutional and other sections constitutional; and where the allegations as to the unconstitutionality of an ordinance fail to definitely state what section of the ordinance is unconstitutional, such allegations are too indefinite to raise any question for decision as to the unconstitutionality of the ordinance. *Glover* v. *Rome,* 173 *Ga.* 239 (160 S. E. 249), and cit. Furthermore, the accused, in the recorder's court, in his allegations that the ordinance was unconstitutional failed to specify what article, section or paragraph of the constitution was violated by the ordinance, or whether the violated constitution was the State or the Federal constitution. Therefore the allegations raise no question as to the unconstitutionality of the ordinance. "This court will not pass upon the constitutionality of a statute [or ordinance], unless it appears *that the question was made in the court below and passed upon by the trial judge,* and further that *the particular provision* of the constitution alleged to have been offended by the statute was clearly designated." (Italics ours.) *Griggs* v. *State,* 130 *Ga.* 16 ( 60 S. E. 103). See also, *Inlow* v. *State,* 168 *Ga.* 377 (147 S. E. 881) ; *Family Finance Co.* v. *Allman,* 174 *Ga.* 467 (1, 3) (163 S. E. 143) ; *Johns* v. *State,* 180 *Ga.* 187 (3) (178 S. E. 707) ; *Lee* v. *Central Ry. Co.,* 147 *Ga.* 430 (94 S. E. 558, 13 A. L. R. 156). Section 1 of the ordinance is not invalid for any other reason assigned. It does not appear that the minimum price of $2.50 for a "permanent wave" was unreasonable or unauthorized

by the charter of the city. "It will be presumed that a municipal ordinance is valid, and the burden of establishing its invalidity is on the person asserting it." *McDonald* v. *Ludowici,* 17 *Ga. App.* 523 (87 S. E. 807); *Bohannon* v. *Duncan,* 185 *Ga.* 840 (196 S. E. 897). The general-welfare clause in the charter of a municipality authorizes the passage of reasonable ordinances for the protection, comfort, and good government of all the people of the municipality. *Crum* v. *Bray,* 121 *Ga.* 709 (49 S. E. 686, 1 Ann. Cas. 991).

The evidence amply authorized the judgment of the recorder, and the overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*