## 36161. STAUB *v.* CITY OF BAXLEY.

DECIDED APRIL 12, 1956—REHEARING DENIED MAY 15, 1956.

*Wilson & Wilson, Poole, Pearce & Hall, Fred W. Elarbee, Jr.,* for plaintiff in error.

*Highsmith & Highsmith, Gordon Knox,* contra.

GARDNER, P. J. Counsel for the defendant excepts to the judgment of the court for the following reasons: (1, 2, 3) The evidence is contrary to law, without evidence to support it; (4) "because the ordinance . . . was and is unconstitutional and unreasonable, null and void in that: (a) Said ordinance . . . shows on its face that it is repugnant to and violative of the First Amendment and the Fourteenth Amendment to the Constitution of the United States; (b) said ordinance is repugnant to and violative of section 7 of the National Labor Relations Act . . . ; (c) said ordinance is not a valid ordinance in that it denies equal protection of the law to petitioner and others . . . ; (d) said ordinance is invalid . . . ; (e) said ordinance is an invalid regulation in that it leaves within the discretion of the mayor, etc., the refusing or granting the license required; (f) said ordinance is void in that it is repugnant to and violative of Article I, Section I, Paragraph III of the Constitution of the State of Georgia in that petitioner is deprived of her liberty and property without due process of law . . . ; (i) said ordinance is not a valid ordinance enacted for any legitimate purpose to benefit the citizens of Baxley but shows on its face that it is unreasonable; (j) said ordinance is patently void in that same is a misuse and abuse of the police powers, etc."

It will be noted that counsel for the defendant in each instance attacks the ordinance as a whole. The attack should have been made against specific sections of the ordinance and not against the ordinance as a whole. In *Anthony* v. *City of Atlanta*, 66 *Ga. App.* 504, 505 (18 S. E. 2d 81), this court said: "It is well settled that one or more sections of an ordinance may be unconstitutional and other sections constitutional; and where the allegations as to the unconstitutionality of an ordinance fail to definitely state what section of the ordinance is unconstitutional, such allegations are too indefinite to raise any question for decision as to the unconstitutionality of the ordinance. *Glover* v. *Rome*, 173 *Ga.* 239 (160 S. E. 249), and cit."

It seems that the defendant made no effort to secure a license. Having made no effort to secure a license, the defendant is in no position to claim that any section of the ordinance is invalid or unconstitutional. See *Campbell* v. *City of Thomasville*, 6 *Ga. App.* 212 (18b) (64 S. E. 815), wherein this court said: "One who has been convicted of selling 'near beer' in violation of that ordinance, but who has made no application to the city council and has tendered no bond at all, is not in a position to complain of the illegality of the requirement that the sureties on the bond shall be freeholders. This provision being void, the presumption is that, if he had tendered a bond otherwise sufficient, the city council would have ignored the void provision and would have accepted the bond."

The cases cited by counsel for the defendant will be found to have identified the sections of the ordinance in question and are therefore not in point.

It affirmatively appears that the attack was not made against any particular section of the ordinance as being void or unconstitutional, and that the defendant has made no effort to comply with any section of the ordinance. This being true, it is not necessary to pass upon the sufficiency of the evidence, the constitutionality of the ordinance, or any other phase of the case as argued by counsel for the defendant except as hereinabove discussed. In addition to the case cited hereinabove, see *Taylor* v. *Flint*, 35 *Ga.* 124 (3), and *Board of Education of Glynn County* v. *Mayor &c. of Brunswick*, 72 *Ga.* 353.

The trial court did not err in overruling the writ of certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*