## WADLEY *v.* McCOMMON, jailer.

1. A petition attacking the validity of a legislative act does not raise a question as to the constitutionality of the act, where after describing the act the petition alleges merely in general terms that the act " is unconstitutional, null and void."

2. A deputy clerk of the municipal court of the City of Macon, appointed under the provisions of the act of 1913 (Acts 1913, p. 252), establishing that court, is authorized by the provisions of that act to take an affidavit and issue a warrant for a person accused of crime. A person arrested under a warrant so issued by the deputy clerk, although out of the presence of the judge, is not entitled to a discharge on a writ of habeas corpus.

No. 3147. OCTOBER 11, 1922.

Habeas corpus. Before Judge M. D. Jones. Bibb superior court. March 15, 1922.

Lonnie Wadley filed a petition for habeas corpus against T. J. McCommon as jailer of Bibb County. The petition alleged, that petitioner is illegally restrained of his liberty, by being confined in the common jail of the county by defendant, under and by virtue of an affidavit and warrant issued from the municipal court of the City of Macon; that the affidavit was made before one E. O. Hooker as deputy clerk of the court, and the warrant was issued by the deputy clerk in the name of the judge of the court; that the restraint is illegal, because the affidavit and warrant were both issued by the deputy clerk out of the presence of the judge and without authority of law; " that the taking of the complaint, the examination of witnesses, and the determination therefrom whether or not the offense has been committed, preliminary to the issuing of the warrant, involves judicial action, which can only be taken by one clothed with judicial power, and which can not be performed by a clerk; that the power to perform judicial functions cannot be, by the legislature, conferred upon ministerial officers; that that part of section fourteen of the act of 1913, abolishing courts of the justices of the peace in the City of Macon and setting up the municipal court, which seeks to clothe a ministerial officer of that court with the power to issue criminal warrants, is unconstitutional, null and void; and your petitioner's liberty is being restrained without valid legal process." The respondent produced the body of the petitioner, and proceeded to trial without making any written return or answer. The respondent stated that he admitted holding the

petitioner in custody under circumstances set out in paragraph two of the petition. The petitioner introduced in evidence the original affidavit and warrant. There being no further evidence, on motion of the solicitor-general representing the respondent the judge ordered the petition dismissed and the petitioner remanded to the custody of the officer.

*A. W. Graves,* for plaintiff.

*Charles H. Garrett, solicitor-general,* for defendant.

ATKINSON, J. 1. As appears from the foregoing statement, an attack was made on the validity of section 14 of the act of 1913 (Acts 1913, p. 252), abolishing courts of the justices of the peace in the City of Macon and setting up the municipal court of Macon. The only ground of attack upon that portion of the act was that the act was " unconstitutional, null and void." As the allegations relied on as a basis for attacking the constitutionality of the act failed to state what particular provision of the constitution it was contended the act violated, the allegations were insufficient to raise any question for decision. *Dobbs* v. *Bullard,* 149 *Ga.* 553 (101 S. E. 122), and cit.

2. Whether the deputy clerk had power to take the affidavit and issue the warrant under which the petitioner was held in custody by the officer depends on a proper construction of the act of 1913 supra. Section 11 of that act confers upon the judge, among others, all the powers theretofore conferred by the laws and constitution of this State upon a justice of the peace. That would include the power to take an affidavit and issue a warrant for the arrest of an offender on a criminal charge. Penal Code (1910), §§ 789, 903; *Cox* v. *Perkins,* 151 *Ga.* 632 (107 S. E. 863, 16 A. L. R. 918). Section 14 of the act provides: " Be it further enacted by the authority aforesaid, that the clerk of said municipal court shall have complete power and authority, coexistent and co-ordinate with the power of the judge of said court, under the provisions of this act, to issue any and all warrants, civil or criminal, summary processes, and writs which are issuable as a matter of right, to accept and approve bonds, and to discharge any and all other functions, ministerial in character, which under the laws of this State are performable by a justice of the peace. The clerk of said municipal court shall have power, by and with the consent of the judge thereof, to appoint one or more deputy clerks, provided the business of

said court renders the services of such deputy or deputies indispensable. The said deputy clerk, if and when so appointed, shall exercise all the functions and be subject to all the responsibilities and requirements of the clerk of said court. The compensation of said deputy clerk shall be nine hundred dollars per annum." This authorizes the appointment of a deputy clerk, and authorizes the deputy to perform whatever official act the clerk might do. It confers upon the clerk " complete power and authority, coexistent and co-ordinate with the power of the judge, . . to issue any and all warrants, civil or criminal." It was held in *Cox* v. *Perkins,* supra: " A criminal warrant consists both of the affidavit upon which it is based and the precept of the officer." Under this definition the clerk, having express power, by the statute creating the office, to issue criminal warrants, had power to take the affidavit and issue the warrant. It is true that such acts are judicial in their nature. *Cox* v. *Perkins,* supra. On that basis it is urged in the briefs that the language of the act should not be so construed as to confer power upon the clerk or his deputy to perform such acts. This proposition is untenable, as the construction contended for would require that no effect be given to the words of the statute quoted above, relating to the powers of the clerk. Even if, as contended in the briefs, such powers could not be constitutionally conferred upon the clerk, as pointed out in the preceding division no such question has been raised, and a decision of the case must be predicated on the statute as a valid law. In the light of what has been said, the clerk was authorized by the statute to take the affidavit and issue the warrant, and so was his deputy. It was not required of the clerk or his deputy that he act in the presence of the judge. It follows from what has been stated, that the process under which the petitioner was restrained of his liberty was lawful, and the judge did not err in remanding him to the custody of the officer. The statute differs from the act establishing the municipal court of Atlanta (Acts 1913, pp. 145-161), defining the powers of the judges and of the clerk of that court, the distinction plainly appearing from a comparison of the two statutes, and on that account a different result was reached in that case; but there is no conflict of principle between the decision rendered in that case and the rulings now made.

*Judgment affirmed. All the Justices concur.*