## ALEXANDER v. CITY OF LAMPASAS.
### (No. 6865.)

(Court of Civil Appeals of Texas. Austin. June 24, 1925. Rehearing Denied Oct. 7, 1925.)

1. **Municipal corporations** ⬥183(½)—**Statutes held to authorize city council to dispense with office of city marshal and to appoint chief of police with duties and power of office.**

Rev. St. 1911, art. 809, and acts to which it is amendatory (Laws 1895, c. 41, as amended by Laws 1903, c. 87, § 1) and article 808, *held* to authorize city of more than 1,000 and less than 3,000 population to dispense with the office of city marshal created by article 784, with duties prescribed by article 809, and to appoint a chief of police with all the duties and powers of the office of city marshal so dispensed with, but does not require as condition precedent to abolition that marshal's duties shall be conferred upon some other peace officer.

2. **Municipal corporations** ⬥183(½)—**Act authorizing cities to "dispense with office" of marshal held to confer authority to "abolish" office; "do away"; "do without"; "dispense with"; "abolish an office"; "dispense."**

Laws 1895, c. 41, as amended by Laws 1903, c. 87, § 1, authorizing city councils of cities coming under a certain class to "dispense" with the office of city marshal, *held* to confer authority to "abolish" the office; "dispense with," as used, meaning to abolish; "dispense with an office" and "abolish an office" being synonymous terms, in so far as doing away with the office at least for the time being is concerned, the only conceivable difference in the meaning of the terms being that "abolish" might carry the significance of doing away with the office perpetually, while "dispense with" might mean doing away with it for such time as city council might desire. Etymologically, "dispense" means to weigh out, pay out, distribute, regulate, manage, control, etc., but, when used with "with," it has, among other meanings,

that of "doing without," and "doing away with," and as used in the act of 1895 means to "do without," or to "do away" with the office of marshal, being synonymous with "abolish."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispense; Second Series, Abolish.]

Appeal from District Court, Lampasas County; Lewis H. Jones, Judge.

Suit by John W. Alexander against the City of Lampasas. From an adverse judgment, plaintiff appeals. Affirmed.

T. S. Alexander, of Lampasas, for appellant.

H. F. Lewis and Roy L. Walker, both of Lampasas, for appellee.

McCLENDON, C. J. This was an action by appellant against the city of Lampasas and its mayor and aldermen for an injunction restraining the latter from appointing any person to the office of chief of police of said city, and for a writ of mandamus compelling them to recognize appellant as the duly elected, qualified, and acting city marshal of the city, not to interfere with him in the performance of his duties as such, and to require them to pay his salary and permit him to receive all the benefits, privileges, and emoluments of the office, and in no manner interfere with his rights in so doing. The cause was tried before the court without a jury, upon an agreed statement of facts, and judgment was rendered denying the relief sought. The appeal is from this judgment.

The following appears from the agreed statement of facts:

Lampasas is a city of more than 1,000 and less than 3,000 inhabitants, according to the last preceding census. In April, 1922, appellant was elected to the office of city marshal of the city, and qualified and acted as such, receiving under city ordinances a salary of $75 per month and certain fees of office. Under this election his term of office expired about April 10, 1924. On January 7, 1924, the city council passed an ordinance, the pertinent portions of which read:

"Section 2. From and after the 1st day of April, 1924, the office of city marshal of the city of Lampasas shall be and is hereby abolished.

"Section 3. The office of chief of police of the city of Lampasas is hereby created, the term of such office to begin on the second day of April, 1924. It shall be the duty of the city council of the city of Lampasas to appoint some suitable person to fill such office and said council shall have the power to remove such officer at will and appoint the successor. The length of the term of such office shall be one year subject to removal as aforesaid. The said chief of police shall have all the powers now held by the city marshal, and shall fulfill all the duties now required of said city marshal, and

shall receive as salary the sum of $50.00 per month in addition to such fees as are allowed now for the city marshal."

At the regular election for city officers, held about April 1, 1924, the city officials, relying upon the validity of this ordinance, did not order any election for city marshal, and the ballots did not contain any nominees for the office, nor was the title of the office printed thereon. Approximately 600 votes were cast at the election, and 17 of the voters wrote on their ballots "for city marshal, John Alexander." These votes were counted by the election officers, and it was determined and reported that appellant had received 17 votes for city marshal. Thereafter he tendered the bond required for city marshal, and offered to take the oath of office and qualify for the two-year term beginning in April, 1924. Appellees, however, refused to accept this oath of office and bond, and refused to accept appellant as city marshal.

The controlling question in the case, as we view it, is the validity of the ordinance of January 7, 1924. It may be conceded that the power of the city to abolish the office of city marshal, and appoint a chief of police with the duties of that office, if it exists at all, must be derived from the city charter, which in this instance consists of the provisions of title 22, Revised Statutes of 1911. A determination of the question stated involves, therefore, the proper construction of the provisions of this title.

Article 784 prescribes that the officers of the corporation shall, among others, be a marshal; and provides that the officers named shall be elected by vote of the qualified electors of the city, and shall hold their office for two years, and until the election and qualification of their successors. The duties and powers of marshal are prescribed in article 809, which has been the subject of several amendments.

An act of 1895 authorized cities and towns having less than 3,000 inhabitants according to the last census to "dispense with the office of marshal." The emergency clause of this act recites that "in many cities and towns of less than 3,000 inhabitants the office of marshal is unnecessary and expensive." Gen. Laws 1895, c. 41, p. 49. This act was carried into the 1895 codification as article 483a. This article was amended in 1903 (Laws 1903, c. 87, § 1), and as amended it was carried into the 1911 codification as a part of the above article 809. We quote the act of 1895 and the amendment thereto of 1903, the portions underscored being the additions made by the amendment:

"A city council or town council of any city or town within this state having less than three thousand inhabitants according to the last preceding census, may by an ordinance of said [city] council or town council, as the case may be, dispense with the office of marshal, *and at* *the same time by such ordinance, confer the duties of said office upon any peace officer of said county;* provided that when the city marshal has been elected by the people, he shall not be removed during his term of office, under the provisions of this article."

The emergency clause of the act of 1903 reads:

"The fact that there are no laws now in force authorizing the city and town councils of this State after abolishing the office of the marshal to confer the power of city marshal upon any other person, creates an emergency and an imperative public necessity that the Constitutional rule requiring all bills to be read on three several days be suspended, that this Act take effect and be in force from and after its passage, and it is so enacted."

In 1901 (Laws 1901, c. 122) the Legislature amended the present article 809, prescribing the duties and powers of city marshals so as to authorize them to "appoint one or more deputies; the appointment of which deputies shall only be valid upon the approval of the city council."

In 1907 (Laws 1907, c. 156) article 483b was added to the chapter upon city officers. This article was carried into the 1911 codification as article 808, and reads:

"The city council or town council in any city or town in this state, incorporated under the provisions of this title relating to cities and towns, may, by ordinance, provide for the appointment, term of office and qualifications of such police officer or officers, as may by such city council be deemed necessary. Such police officer or officers so appointed by such city council shall receive a salary or fees of office, or both, as shall be fixed by the city council; and such city council may, by ordinance, provide that such police officer or officers so appointed shall hold their office at the pleasure of the city council and for such term as the city council may from time to time direct. Such police officer or officers, so appointed by such city council, shall give such bond for the faithful performance of his duties, as the city council may require; and such police officer or officers so appointed shall have like powers, rights and authority as are by said title vested in city marshals."

It is the contention of appellant that under these statutory provisions the city council has not the authority to abolish the office of city marshal and confer the duties of such office upon a chief of police appointed by the city council. In this connection it is contended that the power given to dispense with the office of city marshal does not carry with it the authority to abolish that office; that this power to dispense with the office is conditional, and can only be exercised by conferring at the same time the duties of the office upon some peace officer of the county. It is contended in this connection that the statute creating the office of city marshal is mandatory, and the office can be abrogated only

in the manner expressly provided, and that the ordinance was in effect an attempt to abolish the statutory office and create under a different name the same office, making it appointive by the city council instead of elective as provided by law.

The question thus presented is not free from doubt, for the reason that the various statutory provisions above referred to are open to a number of possible constructions.

[1, 2] The contention that the language of the 1895 act authorizing the named cities to "dispense with the office of marshal" did not give authority to abolish the office is, in our opinion, without merit. The expression "dispense with" is often used in this sense, and, in our judgment, could have no other meaning in the connection and manner in which it is used. "Dispense with an office" and "abolish an office" are no doubt synonymous terms, in so far as doing away with the office at least for the time being is concerned. The only difference in the meaning of the two terms that we can conceive of when applied to the subject-matter would be that "abolish" might carry the signification of doing away with the office perpetually, and "dispense with" might mean doing away with it for such time as the city council might desire. Had the word "abolish" been used, however, we doubt if it would have been given the construction of a perpetual doing away with the office without the power of the city council thereafter to re-establish it. Etymologically, "dispense" has the meaning "to weigh out, pay out, distribute, regulate, manage, control," etc. But, when used with "with," it has, among other meanings, that of "do without" (as to dispense with one's services), and "do away with" (as to dispense with a practice, custom or office). See any standard dictionary. As used in the statute in question it could have no other meaning than to "do without" or "do away with" the office of marshal; and for all practical purposes was used as synonymous with "abolish."

It is to be noted in this connection that, while the same language is used in the 1903 amendment, the emergency clause employs the word "abolish" manifestly as synonymous with the words "dispense with" in the body of the act.

In view of all the statutory provisions above referred to, we have reached the conclusion that the amendment of 1903 did not require the city as a condition precedent to dispensing with or abolishing the office of marshal to confer the duties of the office upon some peace officer of the county. We have reached this conclusion from the following considerations: The act of 1895, of which the act of 1903 was an amendment, gave authority to the city to dispense with the office of marshal without any qualification whatever, clearly conferring this power absolutely and unconditionally upon the city.

The amendment of 1903, when read in connection with the act which it amended, and especially when we consider that the word "may" is employed, would indicate that the Legislature intended to make it optional with the city in dispensing with the office of marshal to confer the duties of such office upon some peace officer of the county. This is no doubt a fair and reasonable construction of the language employed, and, in the light of subsequent legislation, which, together with the prior enactments, was re-enacted in the 1911 codification, is, we think, the only construction to be given it.

Article 808 expressly confers upon the council the power to appoint, fix the term of office of, etc., "such police officer, or officers, as may by such city council be deemed necessary"; and provides that "such police officer or officers so appointed shall have like powers, rights and authority as are by said title vested in city marshals." Article 809 authorizes the city marshal, with the approval of the council, to appoint deputies. It is clear from these provisions that assistants to the marshal, whether under the title of some "police officer," with the same duties as marshal, or under the title of "deputy marshal," are provided for, to be selected in either of two methods; namely, by the council alone, or by the council upon nomination or appointment of the city marshal. If there were no authority in the council to "dispense with" the office of marshal, then the authority granted in article 808 might well be held to be limited to police officers subordinate or assistant to the city marshal. But the article itself contains no such limitations; and, since the act of 1895 gives the authority unqualifiedly to "dispense with" the office of marshal, and the amendment thereto of 1903 is fairly and reasonably susceptible of the construction that this authority was not thereby qualified or rendered conditional, we think article 808 should be construed in accordance with its express language as conferring upon the council plenary power to appoint such police officer or officers, with the duties, rights, and powers of city marshal, as it may deem necessary. So construed, we hold that the statutes under consideration authorize the council to "dispense with" the office of marshal, and appoint a chief of police with all the duties and powers of that office.

We find nothing in the policy of the law which would lead us to a different conclusion. There is no inherent reason for requiring the office of city marshal to be elective. Much may, no doubt, be said in its favor; but, on the other hand, very cogent reasons might be urged for making the officer charged with police duties in the city an appointive one under the governing board, the members of which are the chief executive officers of the city and chargeable with and responsible for

the administration of its government and affairs. This question is one of policy which the Legislature alone can determine.

The case of Fenet v. McCuiston, 105 Tex. 299, 147 S. W. 867, cited by appellant, is not in point, further than upon the general proposition, which is conceded, that an office created by city charter cannot be abolished by the council, unless the charter so authorizes. In that case the court had under consideration the provisions of a special charter granted by legislative act.

Some question might be urged as to the validity of the amendment of 1903, in view of Const. art. 16, § 40. See Torno v. Hochstetler (Tex. Civ. App.) 221 S. W. 623. But we find it unnecessary to consider the matter.

The trial court's judgment is affirmed.

Affirmed.