GLOVER *et al. v.* CITY OF ROME.

240

*M. B. Eubanks,* for plaintiffs.

*L. H. Covington* and *Graham Wright,* for defendant.

HILL, J.   Eighth Avenue, hereinafter called the "Avenue" and West First Street, hereinafter called "First Street" are intersecting streets in the City of Rome, the former extending approximately east and west and the latter approximately north and south.   The city recently paved a section of First Street, commencing at the south side of the intersection of the two streets and extending southwardly, but did no paving on the space representing the said intersection of the streets.   About the same time the city also paved a section of the Avenue extending from Broad Street on the east to West Second Street on the west, thus including the space representing the said intersection of said avenue with First Street.   The entire cost of paving said intersection of said Avenue and First Street was assessed against the owners of the lots abutting such paved portion of the avenue east of said intersection.   Soon after completion of said pavement and assessment, certain owners of lots against which the assessments were levied brought suit to enjoin collection of so much of the said assessment against their property as represented the cost of grading and paving the said intersection, offering to pay their several portions of the assessment after ascertaining and deducting the said cost of grading and paving the said intersection of the streets.   The alleged grounds of complaint were (a) that it is arbitrary and unreasonable to charge the whole cost of. grading and paving said intersection against the lots abutting the Avenue east of First Street, and no part thereof against the owners of lots abutting said avenue west of said street; (b) that. the city, owning the streets named, owns the property abutting on all sides of the said space representing the said intersection of streets, and hence should bear that part of the cost of paving, and is without authority of law to charge such cost to the privately owned lots abutting on said avenue; (c) that the cost of grading and paving the said intersection is, upon information and belief, $2000, but plaintiffs have no means of arriving at such cost while the city has all the information and facts and can make a revision of the assessments "without cost and at little trouble;" (d) that so much of section 12 of the amendment to the

charter of the City of Rome (Acts 1929, p. 1254 et seq.) as permits the city to grade and macadamize streets is unconstitutional, because such provision is not included in the title of the act, the language of the title, so far as refers to street improvements, being "curbing and guttering and paving;" and the omission of such provision from the caption shows legislative intent not to authorize grading of the street at the expense of the owners of abutting property; and consequently the city was without authority of law to charge the cost of such grading to the property owners.

The foregoing is a substantial statement of the case as alleged in the petition as amended. The exception is to a judgment dismissing the case on demurrer. Our rulings thereon appear clearly and fully in the headnotes.

*Judgment reversed. All the Justices concur.*

No. 8144. JULY 15, 1931. REHEARING DENIED SEPTEMBER 17, 1931.