CECILIA McADAM vs. FEDERAL MUTUAL LIABILITY INSURANCE COMPANY.

Suffolk.   October 3, 1934. — December 10, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance*, Motor vehicle liability.  *Statute*, Construction.  *Damages*, For tort.

The "damages to others for bodily injuries," with respect to liability to pay which indemnity was provided under policies of compulsory motor vehicle liability insurance issued pursuant to G. L. c. 90, § 34A, in the amended form appearing in St. 1928, c. 381, § 4, previous to the enactment of St. 1930, c. 340, § 1, included such medical expenses resulting from "bodily injuries" as were incurred by the injured persons themselves.

The enactment of said St. 1930, c. 340, did not affect the obligations of insurance companies under policies so issued nor the rights thereunder of injured persons with respect to such medical expenses.

One, who sustained personal injuries in 1929 by reason of the operation of an automobile by the insured in a policy of compulsory motor vehicle liability insurance issued in 1929 and covering the automobile, and who recovered a general verdict for personal injuries and medical expenses, and judgment accordingly in 1933, in an action of tort against the insured, was entitled, in a suit in equity commenced in 1933 under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the insurance company under the policy to the satisfaction of the judgment.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated August 24, 1933, described in the opinion.

The suit was heard by *Goldberg,* J., upon an agreed statement of facts, and by his order a decree in favor of the plaintiff was entered. The defendant appealed. Material facts are stated in the opinion.

*E. Martin,* (*P. Thibodeau* with him,) for the defendant.

*M. J. Dray,* for the plaintiff.

PIERCE, J.    This is a suit in equity which was submitted to a judge of the Superior Court upon the bill, answer, and an agreed statement of facts. A decree was entered for the plaintiff, and the case comes before this court on the appeal of the defendant. The plaintiff seeks to recover from the defendant liability insurance company, under the provisions of the automobile compulsory insurance law, the amount of a judgment in favor of the plaintiff which was obtained on July 10, 1933, as the result of an action against one Otto V. Carlson for personal injuries, expenditures for medicine, medical care and attention, including doctors' bills and X-rays, following an accident which occurred on March 2, 1929, when an automobile driven by said Carlson was in collision with another automobile in which the present plaintiff was a passenger. Carlson was an assured of the defendant insurance company and was covered by a statutory policy issued on January 10, 1929. There was no extraterritorial or property damage coverage.

The issue formulated by the defendant is, "Can the plaintiff maintain this bill in equity, which was commenced . . . [by writ dated] August 24, 1933, under G. L. c. 214, § 3 (10), to satisfy a judgment obtained on July 10, 1933, against an assured of the defendant in an action of tort on a general verdict for bodily injuries, expenses for medicines, medical care and attention, doctors' bills, and X-rays on account of a statutory Massachusetts motor vehicle liability policy that was issued by the defendant to its assured on January 10, 1929?"

The policy in question was a Massachusetts motor vehicle liability policy issued on January 10, 1929, and contained only the statutory coverage, and in so far as is important in this case it indemnified "against loss by reason of the liability to pay damages to others for bodily injuries, in-

cluding death at any time resulting therefrom, sustained during the term of this Policy." St. 1925, c. 346, § 2. St. 1926, c. 368, § 2. St. 1928, c. 381, § 4. This statute was amended by St. 1930, c. 340, § 1, and as amended reads in part: " 'Motor vehicle liability policy' . . . provides indemnity . . . against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, or consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such bodily injuries or death, sustained during the term of said policy . . . ." It is the contention of the insurance company that the amendment to the statute, adding indemnity for "consequential" damages, is a legislative declaration that it was never intended that consequential damages, however defined, should be covered by any statute until 1930, that is to say, the Legislature had in mind when it enacted St. 1930, c. 340, § 1, that persons receiving "bodily injuries" had no statutory insurance protection which covered medical bills, doctors' bills, X-rays or nursing expenditures, and that it indicated by St. 1930, c. 340, § 1, its intention to cover only "consequential" damages sustained by the persons named in the statute then enacted, on account of such bodily injuries.

The case of *Cormier* v. *Hudson*, 284 Mass. 231, relied on by the defendant, does not support its contention that a person suffering bodily injuries caused by the wrong of another may not recover against that person, and ultimately under the statute against the insurer of the wrongdoer, by way of compensation all expenses caused by the injury which are incurred in an attempt to avoid or lessen the damages sustained. Such damages include medicine, medical attendance, and reasonable compensation for care and nursing. *Lewis* v. *Springfield*, 261 Mass. 183, 187. *Mitchell* v. *Springfield*, 261 Mass. 188. *Cassidy* v. *Constantine*, 269 Mass. 56. Indeed, the inference is strong that the Legislature did not provide protection of the sort referred to in St. 1930, c. 340, for a person suffering

from bodily injuries, because it supposed such person was fully provided for by existing statutes. The damages for bodily injuries sustained by the party injured are both consequential and direct results of the injuries, while the pecuniary damages caused by the injury, sustained by others, are entirely consequential. *Williams* v. *Nelson*, 228 Mass. 191, 196. *Wilson* v. *Grace*, 273 Mass. 146, 154.

The record discloses that the policy of the insured was issued in 1929, and that the accident occurred thereafter in the same year. The date of the issuance of the writ in the law action is not stated in the record, but it is inferred that since the accident occurred on March 2, 1929, it was begun before March 3, 1930, as G. L. c. 260, § 4, in the amended form appearing in St. 1929, c. 29, § 1, requires that actions of this character be brought within one year after the cause of action accrues. Such being the facts, and assuming the plaintiff could recover damages of the kind described in St. 1930, c. 340, the defendant contends that the plaintiff has no remedy in equity against the defendant under G. L. c. 214, § 3 (10), as amended by St. 1930, c. 340, § 4.

G. L. c. 214, § 3, (10), as amended by St. 1923, c. 149, § 3, reads: "Suits to reach and apply in satisfaction of a judgment for loss or damage for bodily injury or death by accident or for damage to property, which has not been satisfied within thirty days after the date when it was rendered, the obligation of an insurance company to the judgment debtor under a policy insuring him against liability for loss or damage from such injury or death by accident or such damage to property." This provision was amended by St. 1930, c. 340, § 4, which reads: "Section three of chapter two hundred and fourteen of the General Laws, as amended . . . [by St. 1923, c. 149, § 3] is hereby further amended by striking out said tenth clause and inserting in place thereof the following: — (10) Suits to reach and apply the obligation of an insurance company to a judgment debtor under a motor vehicle liability policy, as defined in section thirty-four A of chapter ninety, or under any other policy insuring a judgment debtor against liability for loss or damage on account of bodily injury or

death or for loss or damage resulting therefrom, or on account of damage to property, in satisfaction of a judgment covered by such policy, which has not been satisfied within thirty days after the date when it was rendered." St. 1930, c. 340, § 5, reads: "Section 5. This act shall not apply to motor vehicle liability policies or bonds, both as defined in section thirty-four A of chapter ninety of the General Laws, or to deposits under section thirty-four D of said chapter, covering motor vehicles registered for operation during the current year or any part thereof."

As above said it is the contention of the defendant that the plaintiff cannot maintain her suit to reach and apply the obligation of the insurance company for the reason that the act of 1930 definitely repealed the prior acts and provided a new remedy. It is plain that said St. 1930, c. 340, was not passed for the purpose of affecting rights of injured persons or obligations of the insurance company existing at the time of its enactment. "It is a familiar rule of construction, that when statutes are repealed by acts which substantially retain the provisions of the old laws, the latter are held not to have been destroyed or interrupted in their binding force." *United Hebrew Benevolent Association* v. *Benshimol*, 130 Mass. 325, 327. "In practical operation and effect . . . they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the reënactment of new ones." Shaw, C.J., in *Wright* v. *Oakley*, 5 Met. 400, 406. *Steamship Co.* v. *Joliffe*, 2 Wall. 450, 459. "Those parts of the original statute which are inconsistent with the amended statute, and those only, are repealed by implication." Knowlton, C.J., in *Wilson* v. *Head*, 184 Mass. 515, at page 517. The rights of the plaintiff and the obligations of the defendant were not affected by St. 1930, c. 340.

The defendant's requests for rulings are not specifically argued. We have considered them and find no error in the refusal to give any which requires a reversal of the decree. This decision is not intended to conflict with the decision of *Bartlett* v. *Hall*, ante, 532.

*Decree affirmed with costs.*