18995. WEBB *v.* ECHOLS *et al.*

ARGUED JUNE 13, 1955—DECIDED JULY 11, 1955.

*S. B. Wallace, Albert Wallace,* for plaintiff in error.
*Edwin S. Kemp,* contra.

ALMAND, Justice. The General Assembly in 1943 repealed all former acts relating to Clayton County Commissioners (Ga. L. 1943, p. 889), and by a separate act created a sole Commissioner of Roads and Revenues, and provided for his election, duties, and powers. Ga. L. 1943, p. 883. Under that act, B. C. Haynie was in February, 1955, serving as sole Commissioner of Roads and Revenues. In February, 1955, the General Assembly passed an

act (Ga. L. 1955, p. 2064) repealing the act of 1943 as amended, and in the same act created a three-member Board of Commissioners of Roads and Revenues, providing for their election, terms of office, powers and duties. The act divided the county into three districts, with one member to be elected by the voters of the county at large from each district. It was provided that the members from the second and third districts should be elected at a special election to be held not less than 15 nor more than 30 days after the approval of the act, and that the person (B. C. Haynie, a resident of the first district) serving as sole Commissioner "shall be the third member of the board and shall serve as chairman of the three-man board until the end of his present term of office, which expires December 31, 1956," and receive the same compensation as he was receiving under the prior acts, for the remainder of his term. At the special election, E. P. Echols and E. Tarp George were elected as commissioners for the second and third districts and were installed as such officers.

Thereafter, Carey H. Webb, as a citizen and taxpayer of Clayton County, residing in the first district, filed his petition for the writ of quo warranto against Echols and George, seeking to oust them from membership on the board, on the ground that the act of 1955, which created these positions, was unconstitutional and void, (a) because the act abolished the office of B. C. Haynie, contrary to art. 3, sec. 7, par. 15 of the Constitution of 1945 (Code § 2-1915); and (b) because said act is unconstitutional, void, and discriminatory in that it denies to citizens residing in District No. 1 the right to become candidates and be elected as members of the newly established board of commissioners. A general demurrer to the petition, alleging in substance the foregoing facts, was sustained, and to the order of dismissal the petitioner filed his bill of exceptions to this court, assigning error on this judgment.

■ Art. 6, sec. 17, par. 1 of the Constitution of 1945 (Code § 2-5201) provides: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." Art. 11, sec. 1, par. 6 (Code § 2-7806) provides: "Whatever tribunal, or officers, may be created by the General Assembly for the transaction of county matters, shall be uniform throughout the State . . .

except that the General Assembly may provide for Commissioners of Roads and Revenues in any county." Art. 3, sec. 7, par. 15 (Code § 2-1915) provides: "No office to which a person has been elected shall be abolished, nor the term of the office shortened or lengthened by local or special bill during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question." It is contended that the entire act of 1955 is void, for the reason that, since the act of 1943, under which Haynie held office as sole commissioner, was repealed, his office was abolished during his term without being "approved by the people of the jurisdiction affected in a referendum," and said act of 1955 violated the last-quoted provision of the Constitution.

"In all interpretations, the court shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy." Code § 102-102 (9). "It is well settled that that construction of a statute is to be preferred which will give effect to the legislative intent and preserve the act, rather than that a construction be adopted which will necessarily destroy it." *Mathis* v. *Fulton Industrial Corp.,* 168 *Ga.* 719, 721 (149 S. E. 35). It is apparent that the purpose of the legislature in passing the act of 1955 was to create a Board of Commissioners of Roads and Revenues of Clayton County, to consist of three members instead of a sole commissioner; that the incumbent sole commissioner was to continue to serve, as a commissioner from District No. 1, without interruption, and was to be chairman of the newly created three-member board for the remainder of his elected term, and that two new members should be elected by the people from Districts 2 and 3 at a special election.

To abolish an office means to abrogate, annihilate, destroy, extinguish, or put an end to it. Black's Law Dict.; Pondelick *v.* Passaic County, 111 N. J. L. 187 (168 Atl. 146); Alexander *v.* City of Lampasas (Tex. Civ.), 275 S. W. 614. We are of the opinion that the ruling in *Sayer* v. *Brown,* 119 *Ga.* 539 (6) (46 S. E. 649), controls this question. In that case, by an act of 1900 the legislature created a Board of Commissioners of Douglas County, to consist of five members. In 1903 an act was passed repealing the provision of the act of 1900 as to the commission consisting of

five members, and created a commission consisting of three members. The act provided that the five-member board should continue to serve until the end of their current terms, after which the board would consist of three members. It was contended there that the act of 1903 in effect repealed the section of the act of 1900 providing for five commissioners, and upon the passage of the act of 1903 the five commissioners went out of office. This court said that a sufficient reply to the contention was that abrogation and substitution are simultaneous, and that whatever powers were conferred upon the board of commissioners by the last act were conferred upon the board as then constituted. The court in the *Sayer* case further said: "No conceivable interval of time elapsed between the repeal and the substitution; hence the board of commissioners never, for a single instant, ceased to exist. It has been often held that where one statute expressly declares that an existing statute is repealed, and, at the same time, re-enacts its provisions, or declares that a portion of another statute is repealed and re-enacts such portion thereof, the re-enactment neutralizes the repeal, so far as the old law is continued in force. ˙ The old law operates without interruption where the re-enactment takes effect at the same time as the repeal." P. 546. For other authorities on the rule that the repeal and simultaneous re-enactment of substantially the same provisions of the repealed act are not to be construed as repealing the former act, but as a continuation of the same, see American Standard Life Ins. Co. *v.* State, 226 Ala. 383 (147 So. 168); McAdam *v.* Federal Mut. Liability Ins. Co., 288 Mass. 537 (193 N. E. 362); Brown *v.* Brown, 213 N. C. 347 (196 S. E. 333).

■ The assertion that the act of 1955 is "unconstitutional, void and discriminatory, in that it denies the citizens residing in Riverdale and Oaks Districts, also known as District No. One, the right to become candidates and be elected as members of the newly established Board of Commissioners of Roads and Revenues of Clayton County, Georgia," failing to point out the particular provision of what Constitution is violated, is too indefinite to raise any question for decision on the constitutionality of the act. *Wadley* v. *McCommon*, 154 *Ga.* 420 (1) (114 S. E. 357); *Glover* v. *City of Rome*, 173 *Ga.* 239 (1) (160 S. E. 249).

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Duckworth,*
*·C. J., Head and Hawkins, JJ., who dissent.*

HAWKINS, Justice, dissenting. I dissent from the ruling of the majority in the first division of the opinion, and from the judgment of affirmance, for the reason that, by the act of 1955 (Ga. L. 1955, p. 2064), the office of one man Commissioner of Roads and Revenues for Clayton County was abolished, and a Board of Commissioners of Roads and Revenues, consisting of three Commissioners was created in its stead. While the act provides that the person formerly acting as sole Commissioner should become one of the members of the new Board of three Commissioners for the balance of the term for which he was elected as sole Commissioner, and should receive the same compensation, this does not alter the fact that the office of sole Commissioner was abolished, and a new Board of three Commissioners created in its stead. The Constitution (Code § 2-1915) provides that "No office to which a person has been elected shall be abolished . . . during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question," and no referendum as to the abolition of this office was provided for by the act of 1955. The case of *Sayer* v. *Brown,* 119 *Ga.* 539 (46 S. E. 649), relied on by the majority, is not applicable to the present case, for the reason that there the new act changing the five-member Board of Commissioners to three members by its terms continued and did not abolish the five-member board until the expiration of their current term.

I am authorized to say that Mr. Chief Justice Duckworth and Mr. Justice Head concur in this dissent.