**Terry L. BURNS, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

No. 2–81–025–CV.

Court of Appeals of Texas,
Fort Worth.

July 29, 1982.

Rehearing Denied Sept. 9, 1982.

Danny Burns, Fort Worth, for appellants.

Harris, Harris & Harris and Grady W. Harris, Arlington, for appellees.

Before MASSEY, C.J., and SPURLOCK and JORDAN, JJ.

## OPINION ON MOTION FOR REHEARING

JORDAN, Justice.

Our opinion and judgment of May 27, 1982 is withdrawn, with the following substituted therefor.

This is a Worker's Compensation case in which the trial court granted a summary judgment in favor of appellee on the ground that appellant Burns, at the time of the alleged injury, was not an employee of the City of Westworth Village and consequently could not have been engaged in the course and scope of his employment.

We affirm.

On April 1, 1978, appellant was elected Town Marshal of the City of Westworth Village, a general law city, for a two-year term, and on June 12, 1978, the Board of Aldermen, the governing body of Westworth Village, duly passed Ordinance 101 dispensing with the office of Town Marshal and creating instead the position of Chief of Police of Westworth Village. This ordinance was enacted under the authority of Art. 999 V.A.T.S. which in part prescribes the jurisdiction and duties of the office of town marshal. This statute concludes with these words: *"The governing body of any city or town having less than five thousand inhabitants according to the preceding Federal census, may by an ordinance, dispense with the office of marshal, and at the same time by such ordinance confer the duties of said office upon any peace officer of the county, but no marshal elected by the people shall be removed from his office under the provisions of this article."* (Emphasis ours).

Art. 999a V.A.T.S. titled "Marshal may be dispensed with" provides, in exactly the same language as quoted above from Art. 999 for dispensing with the office of marshal. It is important to note, however, that Art. 999a does not provide, as Art. 999 does, that "no marshal elected by the people shall be removed from his office under the provisions of this article."

After the June 12, 1978 ordinance was passed, appellant ignored it and continued to perform his duties as town marshal. On August 13, 1978 he was allegedly injured while operating an automobile in pursuit of a law violator, filed a claim for Worker's Compensation and obtained a favorable award from the Industrial Accident Board. Appellee insurance company filed suit in district court to set aside the award of the board and appellant filed a counterclaim for compensation benefits. The trial court granted appellee's motion for summary judgment, holding that at the time of the alleged injury appellant was not an employee of Westworth Village because his office and his duties had been abolished.

It is appellant's contention primarily that his office of town marshal could not, by the very wording of the statute, be abolished during his term of office, and that therefore there are fact issues to be determined by a jury regarding his claim for compensation.

The sole question for our determination is whether or not appellant's position as town marshal was dispensed with, or abolished, by the June 12, 1978 ordinance. If it was, there are no issues of fact to be determined by a jury; if it was not, there are issues of fact regarding scope of employment, injury, duration and extent thereof, and perhaps others.

If the June 12, 1978 ordinance effectively abolished or dispensed with the office of town marshal, the duties of that office were also necessarily dispensed with so that on August 13, 1978, when appellant was allegedly injured, he could not have been performing any duties for Westworth Village.

This question was decided long ago in the case of *Alexander v. City of Lampasas,* 275 S.W. 614 (Tex. Civ. App.—Austin 1925). In that case appellant sought injunctive relief restraining the City of Lampasas from interfering with his performance of the duties of city marshal, from appointing anyone to the office of chief of police, and for other relief. In *Alexander,* the marshal's office had been dispensed with, or abolished, under a predecessor article of Art. 999. Alexander contended that the power given to dispense with the office of city marshal does not carry with it the authority to abolish that office; that this power to dispense with the office is conditional, and can only be exercised by conferring at the same time the duties of the office upon some peace officer of the county.

In *Alexander,* the court first held that the words "dispense with" in the statute could have no other meaning than to "do without" or "doing away with" the office of marshal; and for all practical purposes was used as synonymous with "abolish." The court then proceeded to hold that the right of the City of Lampasas to abolish the

office of city marshal was unconditional and denied the injunctive relief sought by appellant. The court said: "In view of all the statutory provisions above referred to, we have reached the conclusion that the amendment of 1903 did not require the city as a condition precedent to dispensing with or abolishing the office of marshal to confer the duties of the office upon some peace officer of the county. We have reached this conclusion from the following considerations: *The act of 1895, of which the act of 1903 was an amendment, gave authority to the city to dispense with the office of marshal without any qualification whatever, clearly conferring this power absolutely and unconditionally upon the city.* (Emphasis ours). The amendment of 1903, when read in connection with the act which it amended, and especially when we consider that the word 'may' is employed, would indicate that the Legislature intended to make it optional with the city in dispensing with the office of marshal to confer the duties of such office upon some peace officer of the county."

We find support for our position also in the recent Supreme Court of Texas opinion in *Tarrant County et al. v. Ashmore, et al.,* 635 S.W.2d 417 (Tex.1982). There, the Tarrant County Commissioners, under a federal court mandate, redistricted certain justice of the peace and constable precincts, as a result of which some justices and constables were removed from office before their terms expired, without pay. The Supreme Court held that the action of the commissioners was authorized by law, that the public officers involved did not have a "property right" in their offices, and that such officers were not entitled to back pay. The court stated: "It may be concluded, therefore, that a fundamental principle associated with our republican form of government is that every public officeholder remains in his position at the sufferance and for the benefit of the public, subject to removal from office by edict of the ballot box at the time of the next election, *or before that time by any other constitutionally permissible means.*" (Emphasis ours).

The Supreme Court also said: "While an officer has no vested right in the office held by him, and thus cannot complain of an abolishment of such office, or of his removal or suspension, according to law .... Absent a recognizable property interest, the officers have no claim for salaries for the unserved portion of their terms."

Even though it was not necessary in order to abolish the office of town marshal that the ordinance place the marshal's duties on some other peace officer, Westworth Village in fact did in Section 2 thereof, create the position of Chief of Police of Westworth Village.

Appellant's third point of error that the exhibits offered as summary judgment proof were not referred to in an affidavit has been considered and is overruled. Certified copies of the notices and minutes of the Board of Aldermen meetings prior to and at the time of passage of Ordinance 101, as well as a copy of the 1970 Federal Census for Westworth Village were all properly submitted as summary judgment proof.

The judgment is affirmed.

MASSEY, Chief Justice, dissenting.

By my conclusions upon proper disposition I would reverse the judgment rendered below and remand the cause for a trial on the merits.

By my construction of V.A.T.S., Art. 999 and 999a, the municipal authorities had the authority to dispense with the office of marshal if at the same time and by the provisions of Art. 999, they conferred the duties of his office upon another existing peace officer of the county; but the ordinance by which Westworth Village sought to accomplish that objective did not do this. To have by the same ordinance, or by another ordinance enacted simultaneously, created the position of chief of police (but not naming the chief of police) would not have fulfilled the obligation imposed upon Westworth Village by these statutes. Remaining would be the necessity to confer the duties which had formerly been those of Burns, as Marshal, upon some individual

appointed to be chief of police. No chief of police was named and no duties, antecedently those of the marshal, were conferred upon the office of chief of police.

Furthermore in my opinion, even should it be conceded that Westworth Village had lawfully dispensed with the office of marshal, by force of Art. 999 would persist the right of Burns as the elected marshal to continue to the end of his elective term to bear his title and continue in his entitlement to the emolument of salary and/or fees of office (or an amount equivalent thereto) whether or not he continued to perform duties which had been his obligation to discharge prior to the time the municipality's ordinance was passed.

By my examination of Westworth Village Ordinance 101, by which the municipality thought it had accomplished its objective, a result of our approval would be to sanction a situation where the municipality would be without any officer charged with the duty to enforce the law and ordinances of the municipality.

While I do not deem Art. 999 to be ambiguous, even to treat it so, and, because of the ambiguity its meaning resolved through rules of statutory construction, the consequences of any particular construction would be properly taken into consideration; and, it should be borne in mind that when there is doubt it would be unreasonable to accord a meaning to the statute which would perhaps accomplish mischievous consequences and fail to uphold constitutional and legal rights. This result, I believe, has been accomplished by the opinion of the majority. Its construction is one which would result in conflict, confusion, or delay, and could be one which would promote and encourage litigation. 53 Tex. Jur. 2d, p. 241, et seq., "Statutes", sec. 164, "(Consequences of Particular Construction)—In general".

I think the legislative intent in enacting Art. 999 was that the office of marshal (and as such one where the person holding the office was "ex-officio chief of police"), whether elective or not, should not be dispensed with except in instances and by pro-ceedings which would continue in effect for the safety of the public any existent authoritative law enforcement machinery. 53 Tex. Jur. 2d, p. 235, "Statutes", Sec. 162 "(Circumstances Evidencing Legislative Intention)—In General".

I recognize that my conclusion is in seeming, though not actual, conflict with the holding in *Alexander v. City of Lampasas*, 275 S.W. 614 (Tex. Civ. App. Austin, 1925, no writ). I acknowledge that my conclusions differ from those of Chief Justice McClendon in that case. Alexander's suit surely was filed after expiration of the term for which he had been elected and after the action by the City of Lampasas dispensing with the office of marshal at or about the end of Alexander's term. This condition of affairs distinguishes the factual background in that case from the factual background in Burns' case and makes much of what was said mere dicta.

I would reverse the summary judgment.