**444**

**Terry L. BURNS, Petitioner,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Respondent.**

**No. C-1636.**

Supreme Court of Texas.

Dec. 15, 1982.

Rehearing Denied March 23, 1983.

Danny D. Burns, Fort Worth, for petitioner.

Grady W. Harris, Arlington, for respondent.

PER CURIAM.

This is a worker's compensation case brought by the United States Fire Insurance Co. (Fire Insurance) against Terry L. Burns to set aside the Industrial Accident Board's award of benefits. Terry Burns counterclaimed for compensation benefits. The trial court granted summary judgment in favor of Fire Insurance. The court of appeals, with one justice dissenting, affirmed the judgment. 638 S.W.2d 192. We reverse the judgments of the courts below and remand the cause to the trial court.

On April 1, 1978, Terry Burns was elected town marshal of Westworth Village, a general law city, for a two-year term. On June 12, 1978, the board of aldermen passed an ordinance dispensing with the office of town marshal and creating instead the position of chief of police. The ordinance was enacted under the authority of Tex.Rev.Civ. Stat.Ann. art. 999. After the ordinance was passed, Burns continued to perform his duties as town marshal. On August 13, 1978, he was injured while operating an automobile in pursuit of a law violator. Subsequently, Burns filed a worker's compensation claim, and received a favorable award from the Industrial Accident Board. The trial court granted Fire Insurance's motion for summary judgment holding that at the time of the injury Burns was not an employee of Westworth Village, because his office and duties had been abolished.

The court of appeals believed the sole question was whether or not Burn's position as town marshal was abolished by the ordinance. The court concluded that if the position was abolished, there would be no issue of fact, and if it was not abolished, there would be issues of fact at least regarding scope of employment, injury, duration and extent thereof. The pertinent part of Article 999 provides that

[t]he governing body of any city or town having less than five thousand inhabitants according to the preceding Federal census, may by an ordinance, dispense

with the office of marshal, and at the same time by such ordinance confer the duties of said office upon any peace officer of the county, but *no marshall elected by the people shall be removed from his office under the provisions of this article.*" (Emphasis added).

Because of the very wording and plain meaning of the statute, the city's ordinance is inapplicable to Burns during his elected term of office. Marshal Burns was duly elected and serving as marshal when the ordinance was enacted, but his term would not expire until April 1, 1980. Therefore, we hold that Burns was an employee of Westworth Village at the time of the accident.

Accordingly, we grant Terry Burns' application for writ of error and, without hearing oral argument, reverse the judgments of the courts below and remand the cause to the trial court. Tex.R.Civ.Pro. Rule 483.