HARRELL vs. THE STATE OF GEORGIA. .

1. Policemen ought to assist each other in arrests, and when one hails another to stop a man running to a bridge which carries him into another jurisdiction, it is the duty of that other to seize and arrest the fugitive, and if, with a knife already open in his hand, the latter cut at the first man who tried to stop him, and then cut the hand of the policeman who seized and held him, and then made another blow with the knife to stab him again, which he escaped only by jumping out of the way, the facts are sufficient to uphold a verdict of assault with intent to murder.

2. A charge that a policeman may arrest without warrant, for disorderly conduct or other violation of city ordinances, or for crime, in order to prevent escape, is not error; and to refuse a request antagonizing these principles of law is not error. In such a case, to attempt to kill the policeman is an assault with intent to murder,

though no malice towards the policeman be proved other than the use of the weapon likely to produce death, upon an officer of the law, who lays hand on him as he tries to escape.

3. It was wholly immaterial whether the policeman was prosecutor or not, it being admitted that he did not wish to prosecute, the grand jury having presented the accused; and there was no error in the court's refusing to inquire about it by parol testimony or let it go to the jury. The presentment itself would reveal the fact to the jury, if important.

4. A letter read by a witness about the character of the accused from a man to whom the sheriff told witness he once belonged, does not furnish such evidence of knowledge of his character as will enable the witness to express his opinion thereon to the jury or give in evidence what the letter said. The charge is fair and full and the verdict right.

November 17, 1885.

Criminal Law. Police. Officers. Arrest. Evidence. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Huron Harrell was indicted for assault with intent to murder, committed on the person of Zeno Pickett. On the trial, the evidence for the state was, in brief, as follows: Pickett was a policeman in the city of Columbus. On the day of the alleged offense, he was near the bridge leading across the Chattahoochee river into Alabama and was in uniform. The defendant ran towards the bridge, pursued by another policeman of the city, who hallooed to Pickett to catch the defendant. Pickett ran after him, caught him on the bridge and took hold of him with his left hand. The defendant had an open pocket-knife in his hand, which he stuck into the hand of Pickett, and the latter released him, but ran ahead and got in front of him again and again tried to stop him, but the defendant struck at him with the knife, and Pickett permitted him to escape. At the time, Pickett did not know what offense the defendant had committed, but acted on the fact that the other policeman was pursuing and had hallooed to him. Subsequently, Pickett was informed that the defendant

and his wife had had a quarrel; that the defendant had thrown some of her property into the fire; that she sent for a policeman, and that the charge, as Pickett thought when he testified, was disturbing the peace and good order of the city. Pickett had no warrant for the defendant.

The defendant introduced no testimony, but made a statement, the substance of which was that his wife vexed him and they had some high words; that she called for a policeman; and being a stranger and not knowing any body, he thought it best to leave; that he intended to go over the river and stay a little while until it was all over; that Pickett ran up to him and caught hold of him, but he did not remember cutting him; that he did not do it intentionally, and did not know that Pickett was an officer.

The jury found the defendant guilty. He moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court ruled out the following question asked the witness, Pickett: "Well, I see you are not the prosecutor; it is a special presentment of· the grand jury?"—The object of the question was to show that Pickett did not desire the prosecution.

(3.) Because the court ruled out the following questions and answer: "Well, Mr. Pickett, do you know anything of the character of this man?" Answer: "Nothing, only a letter that I read from a man that he used to belong to; so the sheriff told me." Q.: "Well, what was his character?"

(4.) Because the court charged as follows: "If an officer was attempting to arrest the defendant in this case for a violation of a city ordinance, and in attempting to arrest him, he put his hand upon him and took hold of him, the officer who did it was not a violator of the law in so doing, and it was no assault upon him if the officer took hold of him for a violation of the city ordinance."

(5.) Because the court refused to charge as follows: "If

the jury believe from the evidence that the defendant, at the time he was attempting to cross the bridge, was only guilty of a violation of an ordinance of the city, not an offense against the laws of this state, and such offense was not committed in the presence of either of the policemen who attempted to arrest him, or one of them had a warrant for the arrest of the defendant, then neither of said policemen had a right to arrest him, and such an arrest would be an illegal arrest."

(6.) Because the court refused to charge as follows: " If one person attempt to arrest another illegally, then the person sought to be arrested has a right to resist such illegal arrest and to use such force as may be necessary to prevent such arrest." [The court, in refusing to make this charge, stated that it was given in substance.]

The motion was overruled. and the defendant excepted.

B. A. THORNTON; W. A. LITTLE, for plaintiff in error.

THOS. W. GRIMES, solicitor general, by McNEILL & LEVY, for the state.

JACKSON, Chief Justice.

The plaintiff in error was seized by a policeman as he was running across a bridge over the Chattahoochee river to escape into Alabama, and was cut by him with a knife in the hand that held him, so as to break loose, and when the policeman got in front of him again, he cut at him again with the knife, and the policeman had .to get out of the way of the blow, and he escaped. Another man had tried to stop him at the cry of the policeman before he, the policeman, overtook plaintiff in error, and he had cut at him with the open knife. The policeman who was cut ran out to catch and stop him at the alarm of another policeman in pursuit of him, both policeman being in uniform. The accused had been guilty of the offense of

throwing things belonging to his wife into the fire and burning them up in a mad fit, and she had summoned the first policeman to stop and arrest him. The jury returned a verdict of guilty of an assault with intent to murder, and the accused excepted.

1. The evidence is ample to sustain the verdict. Policemen ought to assist each other in arrests; and when one hails another to stop a man running to the bridge which carried him into another jurisdiction, it is the duty of the latter to seize and arrest the fugitive, and if, with a knife already open in his hand, he cut at the first man who tried to stop him, and then cut the hand of the policeman which seized and held him, and then made another blow with the knife to stab him again, which he escaped only by jumping out of the way, the facts are sufficient to uphold the verdict of assault with intent to murder.

2. A charge that a policeman may arrest without warrant for disorderly conduct or other violation of city ordinances, or for crime in order to prevent escape, is not error, and to refuse a request antagonizing these principles of law is not error.

In such a case, to attempt to kill the policeman is an assault with intent to murder, though no malice towards the policeman be proved other than the use of the weapon likely to produce death upon an officer of the law who lays hands on him as he tries to escape.

The points ruled and opinions expressed in the above two divisions are sustained in 17 *Ga.*, 194; 30 *Id.*, 426; 46 *Id.*, 85; 64 *Id.*, 125; 66 *Id.*, 755; Russell on Crimes, Vol. 1, 532–3; Wharton's Crim. Law, Vol. 1, §651; Wharton on Homicide, §233.

3. It was wholly immaterial whether the policeman was prosecutor or not, it being admitted that he did not wish to prosecute, the grand jury having presented the accused; and there was no error in the court's refusing to inquire about it by parol testimony or let it go to the jury. The presentment itself would reveal the fact to the jury, if important.

4. A letter read by a witness about the character of the accused from a man the sheriff told witness to whom he once belonged does not furnish such evidence of knowledge of his character as will enable the witness to express his opinion thereon to the jury or give in evidence wnat the letter said. The charge is fair and full, and the verdict right.

Judgment affirmed.