MOORE v. THE STATE.

BECK, J. 1. A defendant in a misdemeanor case can waive trial by jury, whether the same be upon an accusation or upon an indictment. *Logan* v. *State*, 86 *Ga.* 266.

2. It is competent for the General Assembly, in creating a city court, to provide that persons arraigned in that court for misdemeanors shall not have the right to demand an indictment by the grand jury of the county (*Daughtry* v. *State*, 115 *Ga.* 819; *Foster* v. *Jackson*, 57 *Ga.* 206); and an act amending an act establishing the city court of Macon denies to defendants in all criminal cases within the jurisdiction of that court the right to demand an indictment by the grand jury. Acts 1900, p. 144.

3. The foregoing disposes of all the questions of law raised in the motion for new trial; the evidence warranted the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted October 16,—Decided November 8, 1905.

Accusation of stabbing. Before Judge Hodges. City court of Macon. July 8, 1905.

Upon being convicted of the offense of stabbing, Romey Moore made a motion for a new trial, upon the general grounds, and because the prisoner had not had a legal trial as guaranteed to him by the constitution of the State and the constitution of the United States, he having waived his right to a trial by jury, which he could not do under the Federal constitution, and been tried and convicted by the judge. Error is also alleged, "because the defendant was tried on an accusation framed against him in the city court of Macon, and without a bill of indictment against him found by the grand jury of Bibb county." The motion was overruled, and he excepted.

*John R. Cooper,* for plaintiff in error.
*William Brunson, solicitor-general,* and *Roland Ellis,* contra.