## PALMER *v.* THE STATE.

No. 14462.   APRIL 13, 1943.

*Robert R. Forrester* and *Robert B. Williamson,* for plaintiff in error.

· *T. Grady Head, attorney-general, W. C. Forehand, solicitor-general, R. D. Smith, C. A. Christian,* and *L. C. Groves, assistant attorney-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.)

■ At the time this case was called for trial the accused tendered to the court a written demand for a trial by the court without the intervention of a jury, waiving his constitutional right to be tried by a jury, and demanding to be tried by the court. The court overruled this demand, and the accused excepted to this ruling. In support of this contention the accused cites *Green* v. *State,* 6 *Ga. App.* 324 (64 S. E. 1121) ; *Hollis* v. *State,* 118 *Ga.*

760 (45 S. E. 617); *Wadkins* v. *State,* 127 *Ga.* 45 (56 S. E. 74); *Moore* v. *State,* 124 *Ga.* 30 (52 S. E. 81). None of these decisions is authority for the position the accused takes. The *Moore* and the *Hollis* decisions merely held that a defendant may waive the right of a jury trial. The *Green* and the *Wadkins* decisions held that the defendant had a right to demand a trial by the court; but these two cases were so determined because the acts creating the two city courts in which they were tried specifically gave the defendants that right. Neither is the ruling announced in *Sarah* v. *State,* 28 *Ga.* 576, authority for this position. In that case it was held: "As the prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every minor right or privilege. The greater includes the less, or the whole the parts." Each of the foregoing cases deals with the right of a defendant to waive that which has been established for his benefit. There is a difference in a defendant waiving a right he possesses, and in demanding a privilege for which there is no right provided. The Code, § 102-106, stating "A person may waive or renounce what the law has established in his favor," does not authorize a defendant to demand that his case be tried by the judge. A similar question was presented to the Court of Appeals in *Sammons* v. *State,* 53 *Ga. App.* 369 (185 S. E. 923), where a person charged with a misdemeanor demanded a trial by the court without a jury. This demand was made in a superior court, where no question was involved as to whether an act creating a city court permitted such demand; and the Court of Appeals held that it was not mandatory on the judge of the superior court to try a misdemeanor case without a jury. We hold that the same rule applies to felony cases, and that the court did not err in refusing the demand of accused to be tried by the court without a jury.

■ We will take up the special grounds of the motion (four, five, six, seven, and eight) out of their regular order. The eighth ground alleges error in the court's admitting a municipal ordinance of the City of Tifton (section 104 of chapter 9 of the Code of Tifton, dated 1907), as follows: "It shall be unlawful for any person to be intoxicated on the streets; or for any person, whether intoxicated or not, to become so boisterous or disorderly as to disturb the public, or to be found lying intoxicated or asleep on the streets or alleys or other public place of the city, or on any porch

or steps of any house within the limits of the city." Objection was made to the introduction of this ordinance, on the ground that it was irrelevant, immaterial, and illegal, and that it was an effort to legislate on a subject-matter that is controlled by State law, and because it makes intoxication penal, without prescribing a method by which said intoxication can 'be determined. The evidence was not subject to any of these objections, and there was no error in its admission.

■ Under ground 5 error was alleged on account of the court's charging as follows: "And, right. in this connection, I will state that there has been offered and admitted in evidence an ordinance of the City of Tifton, which the court holds to be legal, which makes it an offense against the city for any person to appear upon the streets intoxicated." Error was assigned on the ground that this ordinance was passed by the city in the year 1907, and that a new charter was granted to the City of Tifton in 1920, and that the act creating the new charter made no provision for revalidating previous ordinances, but in fact repealed all former ordinances. We do not think the charge was subject to the objection interposed. The act granting a new charter to the City of Tifton (Ga. L. 1920, p. 1626, § 1) provides: "That from and after the passage of this act, an act entitled an act to incorporate the City of Tifton, approved August 16, 1915, and all acts amendatory thereof be and the same are hereby consolidated into and superseded by this act, and all provisions of former acts inconsistent with or at variance with this act or any provisions hereof are hereby expressly repealed, and all laws and parts of laws in conflict with this act be and the same are hereby repealed." This section is identical with Ga. L. 1915, p. 854, § 1, where a new charter was obtained by the City of Tifton to supplant a charter granted by an act to incorporate the City of Tifton. Ga. L. 1902, p. 642. This ordinance enacted in 1907 accordingly was preserved and kept in force through the two above-mentioned acts of 1915 and 1920.

■ The objection under ground 6 was to the charge of the court, viz.: "I charge you that if you find the defendant was arrested without a warrant, and that at the time of his arrest he was not committing a crime in the presence of the arresting officer, or that he was not endeavoring to escape, or that there were not other facts which would have justified the arrest: in other words, if you

find that the defendant was illegally arrested, then you would not be authorized to find him guilty of an offense higher than voluntary manslaughter, even though you find that an actual, physical assault was not committed against him, and even though you find that officer Denby had no blackjack or hit him with a blackjack." This charge was not error for any reason assigned. It was more favorable to accused than the law required.

■ The charge of the court stating "that a violation of a city ordinance is a crime for which an arrest may be made by the proper officer," is a correct statement of the law, and is not error.

■ Under ground 4 the accused contends that the court erred in charging the jury as follows: "If you believe, from the evidence in this case, that the policeman, Mr. Denby, arrested or undertook to arrest the defendant without a warrant, you should look to the evidence to determine whether the defendant committed an offense in the presence of said policeman, Denby, or whether, from the evidence, the defendant endeavored to escape, or whether there was other cause, which made a failure of justice likely; and if you find that the evidence in this case does not authorize the finding, in either instance, then I charge you that you should find the arrest of the defendant in this case to have been illegal. That theory of law has been fully debated and argued in the presence and hearing of the jury, the State contending, on the occasion under investigation, the defendant Joel Palmer, who is now on trial, violated a city ordinance in the presence of officer Denby, and that he was therefore under legal arrest; and the defendant contending such was not the case, that no crime had been committed in the presence of the officer, and therefore that the arrest was illegal. However, you may consider this principle of law in connection with the case." The objection to the foregoing charge is: (a) that it placed the violation of a State law and a violation of a city ordinance on the same basis; (b) and that it was not adjusted to the evidence in the case, in that there was no evidence whatever that officer Denby had a warrant; (c) that said charge placed an improper limitation upon the defense, for the reason that the charter of the City of Tifton required that to arrest without a warrant the offense must have been committed "in the immediate presence of such officer" and "the offender is about to escape."

672

Under this ground the Supreme Court is divided in its opinion. The majority of the Justices authorize the writer to state their opinion as follows:

The Code, § 27-207, provides: "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to.issue a warrant." This court has held that a policeman under city ordinance is as much under the protection of the law in making an arrest as any public officer, such as sheriff, bailiff, or constable. *Johnson* v. *State,* 30 *Ga.* 426; *Harrell* v. *State,* 75 *Ga.* 842; *Thomas* v. *State,* 91 *Ga.* 204 (18 S. E. 305); *Porter* v. *State,* 124 *Ga.* 297 (52 S. E. 283, 2 L. R. A. (N. S.) 730); *Yates* v. *State,* 127 *Ga.* 813 (56 S. E. 1017, 9 Ann. Cas. 620); *Graham* v. *State,* 143 *Ga.* 440 (85 S. E. 328, Ann. Cas. 1917A, 595); *Faulkner* v. *State,* 166 *Ga.* 645 (144 S. E. 193). A town marshal has the right to arrest a defendant, without a warrant, for a violation in his presence of a town ordinance. *Glaze* v. *State,* 156 *Ga.* 807-813 (120 S. E. 530). The charge clearly referred only to an arrest by officer Denby; and whether in view of the charter provision this charge would have been correct if the defendant had been on trial for the killing of officer Denby, he was as a matter of fact being tried for the killing of officer Henderson, a separate and distinct transaction; and while the charge was inapplicable, as related to the latter transaction, it was not calculated to confuse the jury, or otherwise result in harm to the defendant, for any of the reasons assigned.

The writer does not concur in the above opinion of the majority of the court, his views being as follows: The authority stated in the foregoing majority opinion is sound law, and should apply in all cases unless there is some legal curtailment or limitation placed on the right of some particular officer to make an arrest, which limits the rules set forth above. This entire case seems to have been tried by the attorneys and the court on the theory that the only incident that would determine the legality or illegality of the arrest was the initial arrest by officer Denby on the ground the accused was drunk, which violated the municipal ordinance. No reference is made in the charge of the court that would have permitted the jury to pass on the legality of the arrest by officer

Denby on the ground that the accused was violating the State law by carrying a pistol either concealed or without a license. Nor was there any reference in the charge that authorized the jury to pass on the legality of an arrest or an attempted arrest of the accused by Chief Henderson, by reason of the accused shooting at another officer (when the neon sign was struck), in the presence of Chief Henderson.

The accused insists that the original arrest by officer Denby was not a legal arrest, for the reason that the charter of the City of Tifton does not give to the policemen of that city the authority to arrest without a warrant for a violation of a city ordinance which is committed in their presence, unless the accused is also attempting to escape. Ga. L. 1920, pp. 1625, 1642, § 35, being an act of the legislature granting a new charter to the City of Tifton, provides: "Be it further enacted, that in no case shall the marshal or any policeman of said city make any arrest of any person charged with the violation of any of the ordinances of said city without having first procured from the city clerk, or other person authorized to issue the same, a warrant for the arrest of said offender, unless said offense is committed in the immediate presence of said officer *and* the offender is about to escape, in which event he may arrest and detain such person until a proper warrant can be secured authorizing the offender's further detention."

Had the above-quoted section been an ordinance passed by the mayor and council, it would not have been the duty of the court to take cognizance of it unless it had been introduced in evidence. *McDonald* v. *State,* 152 *Ga.* 223, 227 (109 S. E. 656); *Griffin* v. *State,* 183 *Ga.* 775, 779 (190 S. E. 2), and cit. But this is not a municipal ordinance. It is an act of the legislature. The Code, § 38-112, provides that "all laws . . of the General Assembly . . shall be judicially recognized without the introduction of proof." See *Davis* v. *Bank of Fulton,* 31 *Ga.* 69; *Terry* v. *Merchants and Planters Bank of Savannah,* 66 *Ga.* 177, 178; *Stanley* v. *Sims,* 185 *Ga.* 518, 522 (195 S. E. 439). All the authority of a policeman in the City of Tifton to make an arrest for a violation of a municipal ordinance must be derived from the act of the legislature granting a new charter to that city, which is set forth in the section quoted in the preceding paragraph. His manner of making an arrest without a warrant is limited in accordance

with the provisions of that charter. This mode of making arrests for the violation of a municipal ordinance being prescribed in an act of the General Assembly, and not by an ordinance of the mayor and council, the court should have taken judicial cognizance of this law. There is no evidence in the record that would show that the accused, after being seen drunk on the street by officer Denby, 'made any effort to escape. When first seen they were "tussling," but there is nothing to indicate any effort of accused to escape prior to this "tussling." In his statement the accused denied any effort to escape, but stated that the first thing he knew "officer Denby came up and shoved me." The charge quoted above, in the first paragraph of the sixth division of this opinion, was designed to cover the law of a legal arrest generally; but it was not adapted to the particular law governing arrest by policemen in the City of Tifton for the violation of a municipal ordinance. While the charge given would have been applicable had the officer arrested accused for a violation of a State law, it was not applicable to a violation of a municipal ordinance of the City of Tifton under the charter provision.

The law of justifiable homicide, or self-defense under the fears of a reasonable man, as contained in the Code, §§ 26-1011, 26-1012, was not given in charge. The only defense available to the accused, under the charge of the court, was the right to defend against an illegal arrest. Inasmuch as the evidence for the State did not show facts to establish a legal arrest, and the statement of the defendant did enumerate circumstances that amounted to an illegal arrest, and the court having charged on the subject of a legal and illegal arrest, it was the duty of the court to apply the proper rule. "When the judge of his own motion undertakes to charge the law arising on a state of facts as given by the accused in his statement, the charge so given must be correct law and applicable to the theory of the defense made by the accused in his statement." *Ragland* v. *State,* 111 *Ga.* 211, 214 (36 S. E. 682); *Richards* v. *State,* 114 *Ga.* 834 (40 S. E. 1001).

*Judgment affirmed. All the Justices concur, except*

BELL, P. J., and ATKINSON, J., who dissent from the ruling announced in the sixth headnote and the corresponding division of the opinion.

BELL, Presiding Justice. Understanding that the constitution-

ality of the charter provision is not involved, and therefore that we are expressing no opinion either way on that question, I concur in the foregoing dissent by Justice Atkinson. See Code, § 2-401; *City of Atlanta* v. *Hudgins,* 193 *Ga.* 618 (2) (19 S. E. 2d, 508); *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *United States Fidelity & Guaranty Co.* v. *Watts,* 35 *Ga. App.* 447 (133 S. E. 476).