31778.  JORDAN *v.* THE STATE.

DECIDED OCTOBER 23, 1947.

*Horace E. Richter,* for plaintiff in error.

*L. M. Wyatt, Solicitor-General,* contra.

GARDNER, J. The State does not deny that the larceny charge as contained in the accusation in the City Court of LaGrange was not the same transaction as alleged in the indictment and that the lesser crime of larceny charged in the accusation was not also embraced and included in the greater offense of burglary. The only contention the State makes is that the burden of proving the allegations of fact in the plea of former jeopardy rested on the defendant and the record does not reveal that the defendant introduced any evidence to sustain his plea of former jeopardy. While it is true that the burden rests upon the defendant to make out by proof the allegations of a special plea of former jeopardy (*Mance* v. *State,* 5 *Ga. App.* 229, 62 S. E. 1053), but that does not seem to be the issue raised here under this record. It appears that the issue formed by the plea of former jeopardy never reached that stage. It is a clear inference from the record that the judge of the superior court dismissed the plea of former jeopardy as being insufficient as a matter of law. It therefore follows that the defendant was not required or permitted to introduce evidence to sustain the plea of former jeopardy. It is a clear inference from the record that the superior court considered the allegations of the plea of former jeopardy to be insufficient as a matter of law even though the allegations thereof should be proved. In this view we think the court erred in overruling and dismissing the plea of former jeopardy. Code, § 2-108 provides: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of a mistrial." It clearly appears that the trial on the accusation in the City Court of LaGrange was proceeding before the judge of that court, without a jury as provided in the Code, § 102-106, and as interpreted by the court in *Logan* v. *State,* 86 *Ga.* 266 (12 S. E. 406), and *Moore* v. *State,* 124 *Ga.* 30 (52 S. E. 81), and that the City Court of LaGrange was a court of competent jurisdiction to try a case of larceny as alleged in the

accusation. In *Ingram* v. *State,* 124 *Ga.* 448 (52 S. E. 759), the court says: "Where the indictment or accusation is not fatally defective, the law recognizes two reasons only as justifying the discharge of the jury before they have agreed upon a verdict and legally returned it into court, viz., the prisoner's consent, and necessity in some of its various forms, one of which is mistrial. *Lancton* v. *State,* 14 *Ga.* 426. And where a criminal case has been submitted to a jury upon a valid indictment, and is withdrawn from their consideration by the judge for any reason other than the two above named, it is equivalent to an acquittal of the accused." See numerous decisions cited in *Ingram* v. *State,* supra. In *Franklin* v. *State,* 85 *Ga.* 570 (11 S. E. 876), Judge Bleckley, speaking for the court concerning the issue before us, states it thus: "Where the conviction or acquittal is upon an indictment covering no more than one of the smaller crimes, included, as before mentioned, within a larger,—will it bar fresh proceedings for the larger? If it will not, then the prosecutor may begin with the smallest and obtain successive convictions ending with the largest; while, if he had begun with the largest, he must there stop,—a conclusion repugnant to sound sense. Besides, as a larger includes a smaller, it is impossible one should be convicted of the larger without being also convicted of the smaller; and thus, if he has been found guilty or not guilty of the smaller, he is, when on trial for the larger, in jeopardy a second time for the same, namely, the smaller offense." We call attention to *Bell* v. *State,* 103 *Ga.* 397 (30 S. E. 294, 68 Am. St. R. 102), which deals with a situation similar to that in the instant case, and which arose in the Criminal Court of Atlanta. Upon an examination of the act creating the City Court of LaGrange and the amendments thereto, on the question before us, we think the two acts are identical in substance. See Local and Special Laws Index, Vol. 33, p. 83, Code (Ann.) 1933. In *Bell* v. *State,* supra, the court said: "The law regulating trials in that court is found in the act establishing the Criminal Court of Atlanta. (Acts of 1890-91, p. 935.) There is nothing in that act which authorizes the judge of that court to discontinue a trial and bind over the accused to the next superior court, if, after hearing the evidence, he should be of the opinion that the defendant is guilty of an offense which is beyond the jurisdiction of such criminal court. Therefore, when a person

against whom an accusation is preferred in that court waives indictment and demands a jury trial therein, he does not consent for the judge to stop the trial, dismiss the jury, and bind him over to the superior court, if, in the opinion of the judge, the evidence makes out a case of felony. By his waiver and demand, he does not consent for the judge of that court to exercise, in his case, a power which the law has not conferred upon him."

It therefore follows from what we have said that the court erred in overruling and dismissing the plea of former jeopardy, and in entering judgment on the verdict of guilty against the defendant based on the indictment.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*