A90A1324. PHILLIPS v. THE STATE.
(398 SE2d 234)

McMURRAY, Presiding Judge.

Defendant was charged via a Georgia Uniform Traffic Citation with violating OCGA § 40-6-391, driving under the influence of alcohol. The case was tried before a judge in the Recorder's Court for the City of Warm Springs, Georgia. At the conclusion of the State's evidence, defense counsel moved for a directed verdict of acquittal based on insufficient evidence. This motion was denied. In his closing argument, defense counsel again pointed out the lack of evidence to sustain a conviction. The trial court responded as follows:

"THE COURT: Mr. Brown, what I'm going to do in this case is I'm going to bind it over to Superior Court and let the City take it to Superior Court where they will have some representation. I'm suppose to be neutral in this, and I understand the officers not knowing how to prosecute these cases. . . . I'm going to . . . let it go to Superior Court and then . . . [t]he City will be represented.

"[DEFENSE COUNSEL]: Your Honor, I would — Well, I would disagree with that ruling for the following reason[:] . . . Once a witness has been sworn and testimony has been taken . . . in the trial of this case, it is at that point a violation of double jeopardy to bind the case over, and with that in the record, of course, I will rest and re-

spectfully disagree with your ruling.

"THE COURT: You know, I don't have any problem with you disagreeing on my ruling. That's what they have a higher court for is to tell me whether I'm right or wrong, and so what I'm going to do is I'm going to bind it over to the Superior Court and let it go from there. . . ."

Defendant was later charged via accusation in the Superior Court of Meriwether County for driving under the influence of alcohol. The facts supporting this accusation were the same as those which supported the charges prosecuted in the Recorder's Court for the City of Warm Springs, Georgia. Less than one week after the filing of the accusation, defendant filed a "MOTION TO DISMISS AND PLEA IN BAR," arguing that he has twice been placed in jeopardy for the same offense. The superior court denied the motion and this appeal followed. *Held*:

1. Defendant contends the superior court erred in denying his motion to dismiss and plea in bar.

"No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial." Constitution of the State of Georgia of 1983, Article I, Section I, Paragraph XVIII. "A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly . . . in a trial before a court without a jury, after the first witness was sworn but before findings were rendered by the trier of facts. . . ." OCGA § 16-1-8 (a) (2). However, "[a] prosecution is not barred . . . if [t]he former prosecution was before a court which lacked jurisdiction over the accused or the crime. . . ." OCGA § 16-1-8 (d) (1).

In the case sub judice, there is no dispute that the Recorder's Court for the City of Warm Springs was vested with authority to try defendant for violating OCGA § 40-6-391, driving under the influence of alcohol. (See *Kolker v. State*, 260 Ga. 240, 242 (391 SE2d 391), where it was determined that the Recorder's Court of the City of Chamblee was constitutionally authorized to exercise subject matter jurisdiction over state traffic offenses as provided by OCGA § 40-13-21 (a).) Further, the recorder's court judge terminated defendant's trial after the first witness was sworn, but before findings were rendered by the trier of facts. Consequently, we must determine whether the recorder's court judge "improperly" terminated defendant's trial in referring the case to the superior court.

OCGA § 16-1-8 (e) provides as follows: "Termination under any of the following circumstances is not improper: (1) The accused consents to the termination or waives by motion to dismiss or other affirmative action his right to object to the termination; or (2) The trial

court finds that the termination is necessary because: (A) It is physically impossible to proceed with the trial; (B) Prejudicial conduct in or out of the courtroom makes it impossible to proceed with the trial without injustice to the defendant; (C) The jury is unable to agree upon a verdict; or (D) False statements of a juror on voir dire prevent a fair trial."

In the case sub judice, we find nothing in the record to indicate that defendant consented to the premature termination of his trial in the recorder's court, nor do we find evidence that defendant waived his right to object to the termination. On the contrary, the record shows that defense counsel vigorously objected to the recorder's court judge's decision to bind the case over to the superior court and that defense counsel promptly challenged the superior court accusation based on double jeopardy grounds. Further, the recorder's court judge did not terminate defendant's trial for a reason of necessity enumerated in OCGA § 16-1-8 (e) (2). He terminated the case so that "[t]he City will be represented." This was improper and resulted in an acquittal of defendant by operation of law. *Jordan v. State*, 75 Ga. App. 815, 818 (44 SE2d 821). Consequently, the superior court erred in overruling defendant's plea of former jeopardy ("MOTION TO DISMISS AND PLEA IN BAR").

2. Defendant next contends that "[t]he Honorable Allen B. Keeble[, the presiding superior court judge in the case sub judice,] was not empowered to decide this case because he was not legally elected as a Superior Court Judge." More specifically, defendant contends that Judge Keeble "holds one of the judgeships which were ruled to have been illegally created in violation of Section 5 of the Voting Rights Act [42 USC § 1973c] by the United States Justice Department. . . ."

Defendant offers no evidence or authority to support this enumeration. However, we recognize that a three-judge panel of the United States District Court for the Southern District of Georgia entered a memorandum opinion and order in *Brooks v. State Bd. of Elections*, Case No. CV288-146 (S.D. Ga. 1990), holding that section 5 of the Voting Rights Act of 1965, which requires preclearance from the United States Attorney General before any voting practice in effect on November 1, 1964, can be modified, applies to the addition of judgeships and redistricting of judicial circuits in Georgia. We also recognize that the *Brooks* order is directed to several Georgia superior court judgeships, but note that the district court's decision does not remove from office those judges in affected positions, nor does the panel's decision give grounds for voiding the affected judges' authority. On the contrary, the three-judge panel stated "that the validity of the actions taken by these judges is in no way implicated by our decision" and extended terms of affected judgeships so as to maintain sta-

bility and order within the State's judiciary. Consequently, even assuming that Judge Keeble was an affected judge in the *Brooks* case, we find nothing which voids his decision in the case sub judice. This enumeration is without merit.

*Judgment reversed. Sognier, J., concurs. Carley, C. J., concurs in Division 1 and in the judgment.*

DECIDED NOVEMBER 6, 1990.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*William G. Hamrick, Jr., District Attorney, Tyron C. Elliott, Assistant District Attorney*, for appellee.